**PRUDENTIAL INS. CO. OF AMERICA v. STACK (two cases).**

**Nos. 3307, 3308.**

Circuit Court of Appeals, Fourth Circuit.

Aug. 1, 1932.

Thomas B. Butler, Jr., of Spartanburg, S. C. (H. K. Osborne and Osborne & Butler, all of Spartanburg, S. C., on the brief), for appellant.

C. C. Wyche, of Spartanburg, S. C. (Jennings L. Thompson and Nicholls, Wyche & Russell, all of Spartanburg, S. C., on the brief), for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

NORTHCOTT, *Circuit Judge.*

These two actions, originally commenced in the court of common pleas for Spartanburg county, S. C., by T. F. Stack, as plaintiff, against Prudential Insurance Company of America, defendant, were brought for alleged total and permanent disability under two policies of insurance on the life of the appellee here. The two actions were separate, being based on two different policies, and each prayed for judgment in the amount of $4,000, the face of each policy. Within the time provided by law, the actions were removed by the nonresident defendant therein (appellee here) to the United States District Court for the Western District of South Carolina.

No issue was raised as to the removability of these causes, but in February, 1932, plaintiff served notice of a motion for a voluntary nonsuit in both cases. This notice was served, and the motion set for hearing on the day when the first of the two cases was scheduled to be reached for trial at the opening of court in the afternoon.

The motion was resisted on behalf of defendant, on the ground that defendant had acquired a substantial constitutional right by the removal of the causes; that the plaintiff, in the absence of a showing of some real reason therefor, had no right to a voluntary nonsuit; that the difference in the construction of the insurance contracts involved, between the decisions of the South Carolina courts and the federal courts, was such as to constitute a substantial right acquired by the defendant through removal, and that the purpose of the nonsuit was to enable the plaintiff to bring other actions in the state courts for amounts less than the amount that would give the federal court jurisdiction of the action.

The judge below, after hearing, granted the motion for a nonsuit upon condition that the plaintiff pay the costs and a fee to defendant's counsel. From this action this appeal was brought.

The sole issue involved is whether the District Judge was in error in granting the voluntary nonsuit asked by the plaintiff, over the objection of the defendant, without making it a condition of the discontinuance that no other actions be brought except in the federal court.

■ At common law the rule was firmly established that a plaintiff was entitled as a matter of right to submit to a voluntary nonsuit or dismissal at any stage of the proceedings prior to judgment or verdict. In re Skinner & Eddy Corporation, 265 U. S. 86, 44 S. Ct. 446, 68 L. Ed. 912; McGowan, et al. v. Columbia, etc., Association, 245 U. S. 352, 38 S. Ct. 129, 62 L. Ed. 342; Barrett v. Virginian Ry. Co., 250 U. S. 473, 39 S. Ct. 540, 63 L. Ed. 1092.

■ This is the practice in South Carolina, where, in the discretion of the trial judge, such nonsuit should be granted, and where the nonsuit will not work prejudice to the defendant or deny him some substantial right he has acquired in the cause. State v. Southern Ry., 82 S. C. 12, 62 S. E. 1116; Pee Dee River Lumber Co. v. Fountain, 90 S. C. 122, 72 S. E. 885; American Trust Co. v. Bloom, 148 S. C. 386, 146 S. E. 249.

■ It is well settled that federal courts are bound, under the Conformity Act (28 USCA § 724) in matters of practice, including questions of voluntary discontinuance, by the practice in the state courts in the territory in which the respective federal courts have jurisdiction. Nudd v. Burrows, 91 U. S. 426, 23 L. Ed. 286; Barrett v. Virginian Ry. Co., supra.

■ The only question to be considered is whether the defendant had acquired by the removal a substantial right that would prevent the trial judge, in his discretion, from permitting the nonsuit. We think the mere fact that the cases have been removed to the federal court and that there may be a difference in the construction of the contracts between the decisions of the state and federal courts does not constitute such a substantial right. Here no set-off or counterclaim had been filed, and the action had not so far progressed as to entitle the defendant to an adjudication in its favor. In fact, nothing whatever had been done in the action after removal. "It is ordinarily the undisputed right of a plaintiff to dismiss a bill in equity before final hearing. * * * 'It is very clear from an examination of the authorities, English and American, that the right of a complainant to dismiss the bill without prejudice, on payment of costs, was of course except in certain cases. Chicago & A. R. Co. v. Union Rolling-Mill Co., 109 U. S. 702, 3 S. Ct. 594 [27 L. Ed. 1081]. The exception was where a dismissal of the bill would prejudice the defendants in some other way than by the mere prospect of being harassed and vexed by future litigation of the same kind.' * * * The right to dismiss, if it exists, is absolute. * * * The usual ground for denying a complainant in equity the right to dismiss his bill without prejudice at his own costs is that the cause has proceeded so far that the defendant is in a position to demand on the pleadings an opportunity to seek affirmative relief and he would be prejudiced by being remitted to a separate action." In re Skinner & Eddy Corporation, 265 U. S. 86, 44 S. Ct. 446, 447, 68 L. Ed. 912.

"The rule is well settled that a plaintiff may be granted leave, upon payment of costs, to discontinue his suit before verdict, in an action at law, and before decree, in a suit in equity, where the cause has not so far progressed as to entitle defendant to a decree against plaintiff or a codefendant, and where no intervening party has acquired a right to a retention of the cause." Forrest v. City

Council of Charleston, 65 S. C. 500, 43 S. E. 952, 953. See, also, Barrett v. Virginian Railway Co., supra; Pullman's Palace-Car Co. v. Central Transportation Co., 171 U. S. 138, 18. S. Ct. 808, 43 L. Ed. 108; Rust v. Young, 51 App. D. C. 351, 279 F. 989; Harding v. Corn Products Refining Co. (C. C. A.) 168 F. 658; Greenville Banking & Trust Co. v. Selcow (C. C. A.) 25 F. (2d) 78; McCabe v. Southern Ry. Co. (C. C.) 107 F. 213; Cybur Lumber Co. v. Erkhart (C. C. A.) 247 F. 284; El Paso & Southwestern Co. v. Riddle (D. C.) 287 F. 173; Worthington v. McGough (C. C. A.) 192 F. 512; Hines v. Martin (C. C. A.) 286 F. 653.

■ The right to a nonsuit, if it exists, is absolute. It does not depend upon the reasons which the plaintiff offers for his action, or upon the fact that, as here, no reasons are offered.

The learned judge below clearly had the right, in the exercise of his discretion, to grant the motion for a nonsuit, and the judgment is affirmed.