## NEW YORK LIFE INS. CO. v. DRIGGS.
### No. 3644.

Circuit Court of Appeals, Fourth Circuit.
Oct. 2, 1934.

Pinckney L. Cain, of Columbia, S. C. (Thomas, Lumpkin & Cain, of Columbia, S. C., on the brief), for appellant.

C. E. Gardner, of Darlington, S. C., for appellee.

Before PARKER and NORTHCOTT, Circuit Judges, and CHESNUT, District Judge.

NORTHCOTT, Circuit Judge.

This is a suit in equity brought in November, 1933, by appellee, herein referred to as the plaintiff, against the appellant, herein referred to as the defendant, in the court of common pleas for Darlington county, S. C. The bill prayed that a life insurance policy, in which the plaintiff was named as beneficiary and which the defendant contended had become void under its terms, be restored to force. The insured having died, the plaintiff asked for judgment on the policy. The suit was removed by the defendant, a citizen of the state of New York, to the District Court of the United States, for the Eastern District of South Carolina. On December 30, 1933, before any answer had been filed or other step taken by the defendant, the plaintiff filed a petition asking to be allowed to take a nonsuit, without prejudice, upon payment of the costs. On January 10, 1934, the judge below entered an order granting the leave asked. On February 2, 1934, an answer was filed by the defendant. The action of the court below in permitting the nonsuit was assigned as error and this appeal was taken.

The judge below indicated in his oral opinion, granting the nonsuit, that he did not feel that he should do so; that in removing the suit into the federal jurisdiction the defendant had acquired a substantial right which should defeat the motion; but that, as this court had decided differently in the case of Prudential Insurance Company v. Stack, 60 F.(2d) 830, 831, he felt bound by the decision in that case and granted the nonsuit against his own judgment. The Stack Case dealt with an action at law and in the opinion in that case we reviewed the authorities on the point here involved. The instant case was entered on the equity side of the docket and was treated as being in equity by the attorneys for the defendant in their briefs. At the oral argument they asked leave to withdraw this statement and contended that the action was in reality one at law. In a suit in equity federal courts are not bound to follow the state practice but are controlled by the equity rules. It is, however, immaterial whether the case is in equity or at law. The judge below clearly indicated that the only reason for his belief that the motion should not be granted was because the defendant had, in removing the cause to the federal court, acquired a substantial right. He could have had no other reason, for nothing had been done in the case after removal. As the acquiring of the federal jurisdiction has been held by us not to be a substantial right, the motion should have been granted either in an action at law or a suit in equity. This holding is supported by the great weight of authority.

A review of the decisions cited by us in the Stack Case and by the attorneys for the respective parties in this suit leads us again to the conclusion that we decided the question properly in the Stack Case.

In Ex parte Skinner & Eddy Corporation, 265 U. S. 86, 44 S. Ct. 446, 447, 68 L. Ed. 912, Mr. Chief Justice Taft said:

"It is ordinarily the undisputed right of a plaintiff to dismiss a bill in equity before final hearing. McGowan v. Columbia, etc., Association, 245 U. S. 352, 358, 38 S. Ct. 129, 62 L. Ed. 342. In Pullman's Palace-Car Co. v. Central Transportation Co., 171 U. S. 138, 146, 18 S. Ct. 808, 43 L. Ed. 108, this statement of the rule in City of Detroit v. Detroit City Ry. Co. (C. C.) 55 F. 569, was approved:

" 'It is very clear from an examination of the authorities, English and American, that the right of a complainant to dismiss his bill without prejudice, on payment of costs, was of course except in certain cases. Chicago & A. R. Co. v. Union Rolling-Mill Co., 109 U. S. 702, 3 S. Ct. 594 [27 L. Ed. 1081]. The exception was where a dismissal of the bill would prejudice the defendants in some other way than by the mere prospect of being harassed and vexed by future litigation of the same kind.'

Cowham v. McNider (D. C.) 261 F. 714; Thomson-Houston Electric Co. v. Holland (C. C.) 160 F. 768; Morton Trust Co. v. Keith (C. C.) 150 F. 606; Pennsylvania Globe Gaslight Co. v. Globe Gaslight Co. (C. C.) 121 F. 1015; Youtsey v. Hoffman (C. C.) 108 F. 699; McCabe v. Southern Ry. Co. (C. C.) 107 F. 213.

■ "The right to dismiss, if it exists, is absolute. It does not depend on the reasons which the plaintiff offers for his action. The fact that he may not have disclosed all his reasons, or may not have given the real one, cannot affect his right.

"The usual ground for denying a complainant in equity the right to dismiss his bill without prejudice at his own costs is that the cause has proceeded so far that the defendant is in a position to demand on the pleadings an opportunity to seek affirmative relief and he would be prejudiced by being remitted to a separate action. Having been put to the trouble of getting his counter case properly pleaded and ready, he may insist that the cause proceed to a decree."

Under the circumstances of this case there was no ground for making an exception to the general rule. As we said in the Stack Case, supra: "The only question to be considered is whether the defendant had acquired by the removal a substantial right that would prevent the trial judge, in his discretion, from permitting the nonsuit. We think the mere fact that the cases have been removed to the federal court and that there may be a difference in the construction of the contracts between the decisions of the state and federal courts does not constitute such a substantial right. Here no set-off or counterclaim had been filed, and the action had not so far progressed as to entitle the defendant to an adjudication in its favor. In fact, nothing whatever had been done in the action after removal."

We have examined the opinion in Barr v. Witsell et al., 175 S. E. 436, decided by the Supreme Court of South Carolina, on July 14, 1934, and do not see that it has any bearing on the instant case.

The decree of the court below in granting the nonsuit, or, more properly speaking, granting the plaintiff leave to dismiss, was correct, and it is affirmed.