ÆTNA LIFE INS. CO. OF HARTFORD, CONN., et al. v. WILSON et al.

No. 3996.

Circuit Court of Appeals, Fourth Circuit. June 8, 1936.

Henry E. Davis, of Florence, S. C., for appellants.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

NORTHCOTT, Circuit Judge.

These are actions begun in March, 1935, by the appellees, herein referred to as the plaintiffs, all residents of the state of South Carolina, against the appellants, herein referred to as the defendants, in the court of common pleas for Chesterfield county, S. C. All of the actions were based on claims under a group insurance policy issued by the defendant, the Ætna Life Insurance Company of Hartford, Conn., insuring the employees of one J. L. Anderson. The defendant Hines was alleged to be the agent of said insurance company and a resident of South Carolina. The actions of three of the plaintiffs, Thomas Thurston Wilson, Edmund Davis, and Eddie Polson, sought to recover, as a first cause of action, actual damages for total and permanent disability and for a second cause of action punitive damages, under the South Carolina statute (Code S.C.1932, § 7968), for alleged fraudulent breach of contract. The other eight plaintiffs sought in their actions to recover punitive damages for an alleged fraudulent breach of contract.

By appropriate proceedings, all of the eleven actions were removed to the District Court of the United States for the Eastern District of South Carolina, and the records therein filed in said court on April 25, 1935. A motion to remand was duly made in each of the eleven actions and all of these motions were consolidated

by order of the court. After argument the motions were denied.

On June 14, 1935, the plaintiffs Thomas Thurston Wilson, Edmund Davis, and Eddie Polson, each gave notice of a motion for an order of nonsuit as to the second cause of action set forth in their complaint, and further notice, if such motion for nonsuit was granted, of a motion to remand the actions to the state court for the reasons that the amount in controversy would then be less than $3,000, and on June 17, 1935, the other eight plaintiffs each gave notice of a motion for an order of nonsuit. The order appealed from recites that the Wilson case came on to be heard on motion of plaintiff for a nonsuit or voluntary dismissal. This, by necessary implication, included both the first and second causes of action in that suit. No exception was taken by the defendants to this recital in the order.

These motions in the eleven actions were heard on June 24, 1935, before Honorable J. Lyles Glenn, United States Judge, at his chambers in Rock Hill, S. C. At this time, the court ordered that all of the cases be consolidated and treated as one case for the purpose of the motions. The defendant insurance company then presented written objections to the jurisdiction of the court to hear the motions on the grounds that being actions at law an application for a nonsuit was a hearing on the merits and could not be heard in chambers and could not be heard other than in the Florence Division of the Eastern District of South Carolina, Rock Hill being wholly outside the boundaries of the Eastern Judicial District of South Carolina.

After the court had made its order of consolidation, it was agreed that the hearing should proceed on the grounds filed in the action brought by Thomas Thurston Wilson. The consolidated cases were then argued before the court, and on September 4, 1935, the judge below filed an opinion in which he held that the plaintiff in each of the cases was entitled to a voluntary nonsuit and an order to that effect was entered on September 9, 1935. From this action this appeal was brought.

■ The Honorable J. Lyles Glenn, who entered the order complained of, was appointed under the terms of a statute (28 U.S.C.A. § 4d) creating an extra judgeship for both federal districts in South Carolina, with official headquarters at Rock Hill. The hearing of the motions was not a trial upon the merits. These were actions at law, and the motions passed on were preliminary to a hearing upon the merits and could unquestionably be passed upon by the judge in his chambers. In re American Home Furnishers Corporation (C.C.A.) 296 F. 605. Both sides were represented and the motions were argued both on behalf of the plaintiffs and the defendants. The judge had the power to enter the order when and where it was entered.

■ The right of a plaintiff to a nonsuit under the law of South Carolina has been before this court, for consideration, in two cases. Prudential Ins. Co. of America v. Stack (C.C.A.) 60 F.(2d) 830, and New York Life Ins. Co. v. Driggs (C.C.A.) 72 F.(2d) 833. In these cases we held that the federal courts are bound, in law actions, by the practice in state courts in which the respective federal courts have jurisdiction and that the right to nonsuit is absolute unless the defendant had acquired some right that would be prejudiced by the nonsuit. (For a discussion of this point, see the two cases cited above.)

An examination of the record shows that the defendant life insurance company had acquired no right that would operate to defeat the motion for nonsuit. It is true that the answer filed by the insurance company, after removal of the causes, prayed both for a judgment dismissing the complaint and for a declaratory judgment to the effect that the policy of insurance sued on had ended and become void on December 17, 1933, because of the failure of the plaintiff to pay the premium due on November 16, 1933, or within 31 days thereafter. Nothing was asserted as ground of this affirmative relief which could not have been urged as a defense to the actions as instituted (see Adamos v. N. Y. Life Ins. Co., 293 U.S. 386, 55 S.Ct. 315, 79 L.Ed. 444, and Enelow v. N. Y. Life Ins. Co., 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440); and, as the other persons interested in the group policy were not parties to the actions, judgments declaring the policy void would have had no greater effect than judgments for defendant on the actions as instituted by plaintiffs. The prayer for a declaratory judgment was not, therefore, a prayer for affirmative relief which would prevent the taking of a nonsuit. Under our holding in the Stack and Driggs Cases, supra, the plaintiffs were entitled to the granting of their motion.

■ It is contended on behalf of the defendants that the judge below was in error

in taking judicial notice of a suit in equity then pending in the District Court of the United States for the Eastern District of South Carolina, in which the defendant insurance company was seeking to cancel the policy here in question and to restrain the plaintiffs from pursuing their actions in the state court until the suit in equity was decided. We regard this point as immaterial, for certainly the federal courts were open to the insurance company to bring such a suit and the granting of a nonsuit in no way prejudiced the right of the insurance company to enjoin the actions at law in the state court until the question of the validity of the policy could be settled.

The judge below had jurisdiction to entertain the motions and enter the order at his chambers at Rock Hill, S. C.; the defendants had acquired no right that would operate to defeat the motion of the plaintiffs for a nonsuit; and the granting of the nonsuit did not work any substantial injury to the defendant insurance company.

The order of the court below is accordingly affirmed.