## ANDERSON et al. v. ÆTNA LIFE INS. CO. OF HARTFORD, CONN.

No. 4101.

Circuit Court of Appeals, Fourth Circuit.
April 6, 1937.

346

James E. Leppard, of Chesterfield, S. C. (George K. Laney, of Chesterfield, S. C., and C. P. Laney and P. A. Murray, Jr., both of Cheraw, S. C., on the brief), for appellants.

Henry E. Davis, of Florence, S. C., for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PARKER, Circuit Judge.

This is a suit by an insurance company asking relief under the Federal Declaratory Judgment Act of June 14, 1934, 48 Stat. 955, Jud.Code § 274d, as amended by Act Aug. 30, 1935, 28 U.S.C.A. § 400. From a decree holding that a group insurance policy had lapsed and that the rights of defendants insured thereunder had ceased and determined, the defendants have appealed. The question presented by the appeal is the jurisdiction of the court to entertain the suit, no question being raised as to the decision of the court if its jurisdiction is conceded. The facts out of which the case arises and the proceedings had in the court below are as follows:

In the year 1925 the company issued to J. L. Anderson of Cheraw, S. C., a policy of group insurance, covering, in varying amounts, the employees in a veneer plant which he operated. This policy provided for monthly payment of premiums by the employer, with provision for annual renewal at his option, and with the right on the part of the company at the end of each year to establish new premium rates for its continuance. It provided insurance against death and against total and permanent disability; and the employees were furnished certificates setting forth the terms of the insurance and that it was subject to cancellation upon the discontinuance of the term policy. In August, 1933, toward the end of the insurance year, the company notified the employer that, if the policy were continued, the premiums would be raised very considerably, and suggested that a new type of policy be taken in lieu thereof covering death but not disability. This suggestion was accepted, premiums were paid on the old policy which carried it in force to November 16, 1933, and a new policy was issued as of that date.

When the employees were offered certificates under the new policy a number of them became dissatisfied because of the lack of disability provision, and in March 1935, over a year later, eleven of them instituted actions under the old policy in the court of common pleas of Chesterfield county, S. C., asking actual damages in the total amount for which they were insured thereunder and punitive damages in the sum of $10,000 each. The company removed these suits into the court below and at the same time instituted this suit against the employer and all of the employees covered by the old policy, setting forth the facts as above stated, asking a declaratory judgment to the effect that the coverage of the old policy had terminated on December 17, 1933, thirty-one days after the date to which premiums were paid, and for general relief in the premises. Following this, the defendants whose actions had been removed from the state court into the court below, on September 9, 1935, were allowed to take nonsuits therein; and these judgments of nonsuit were affirmed by this court. See Aetna Life Ins. Co. v. Wilson et al. (C.C.A.4th) 84 F.(2d) 330.

The judgments of nonsuit left no litigation pending between the company and

the persons insured under the policy except this suit for the declaratory judgment; but in January, 1936, three other of the defendants herein commenced actions in the court of common pleas of Chesterfield county, asking damages of the company on the ground that it had fraudulently canceled or attempted to cancel the old policy and fixing the claims for damages at sums not within the federal jurisdiction. On application of the company, the judge below granted an interlocutory injunction in this suit restraining the defendants from prosecuting those actions pending the hearing herein. No appeal was taken from the order granting the interlocutory injunction which, of course, expired with the entry of final decree.

When the case came on for final hearing, the judge below found the facts with regard to the termination of the old policy and held that it ceased to be effective on November 16, 1933, and that the rights of the certificate holders thereunder ceased as to causes of action that did not accrue prior to that date. He denied a motion to dismiss the bill of complaint for lack of jurisdiction and entered a decree in the following terms: "Ordered, adjudged and decreed that the group policy of insurance No. 2901, issued to J. L. Anderson, be, and it hereby is, declared to have been discontinued, to have lapsed, and to have ceased to be effective, as of November 16, 1933, and that all rights of the answering defendants, under both the said master policy and each of the certificates issued to them or to the intestate of any of them, ceased and determined with the termination of said master policy; that the plaintiff is not liable to any of said answering defendants either under the master policy or under the certificates issued to them thereunder on any cause of action that did not accrue prior or to the time that said master policy ceased to be effective; and that said master policy and said certificates of insurance issued thereunder be, and they hereby are, cancelled and declared to be void and of no effect as of the date November 16, 1933."

As the eleven actions originally instituted have been nonsuited, we need not consider what action might have been taken by the court below with respect to them or what effect their pendency might have had on the procedure in this cause if the nonsuits had not been taken. Cf. Winslow Wright & Co. v. McKnight, 112 S.C. 551, 100 S.E. 155; Kline v. Burke Construction Co., 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226, 24 A.L.R. 1077. And we need not consider the right of the court below, under the doctrine of Brown v. Pacific Mutual Life Ins. Co. (C.C.A.) 62 F.(2d) 711, to enjoin the prosecution of the three suits subsequently instituted; for, as heretofore stated, the interlocutory injunction expired when final decree was entered and that decree, which granted no injunction of any sort, is the only matter brought up by appeal. It is clear that the institution of the suits last named could not affect the jurisdiction of the court with respect to the suit for declaratory judgment previously instituted, even though it would seem that the court in a suit to obtain a declaratory judgment might, as a matter of discretion, delay proceedings to await the termination of an action at law subsequently instituted. Cf. American Life Ins. Co. v. Stewart, 57 S.Ct. 377, 81 L.Ed. ——.

The question, therefore, is narrowed to the jurisdiction of the court to entertain a suit for a declaratory judgment with respect to the liability of a plaintiff insurance company under a group insurance policy, when those insured by the policy are asserting liability of the company under it and the company is denying liability on the ground that the coverage of the policy had been properly terminated before the asserted liability arose. Such a suit involves a real and substantial controversy admitting of relief through a decree of specific character; the elements of federal jurisdiction, diversity of citizenship and amount in controversy, are admittedly present; and the case falls squarely within the language of the statute, 28 U.S.C.A. § 400, which provides: "(1) In cases of actual controversy except with respect to Federal taxes the courts of the United States shall have power upon petition, declaration, complaint, or other appropriate pleadings to declare rights and other legal relations of any interested party petitioning for such declaration, whether or not further relief is or could be prayed, and such declaration shall have the force and effect of a final judgment or decree and be reviewable as such."

We think that irrespective of whether the suit would have been cognizable in

equity or whether plaintiff would have had an adequate remedy at law in defending actions at law instituted by the defendants, the remedy provided by the statute was available to it, Ætna Life Ins. Co. v. Haworth, 57 S.Ct. 461, 464, 81 L.Ed. ——; Gully v. Interstate Natural Gas Co. (C.C.A.5th) 82 F.(2d) 145, 149; Travelers Ins. Co. v. Helmer (D.C.) 15 F.Supp. 355, 356; New York Life Ins. Co. v. London (D.C.) 15 F.Supp. 586. As said by the Supreme Court in the Haworth Case, which was a suit brought to secure a declaratory judgment that policies of life and disability insurance had lapsed for nonpayment of premiums: "There is here a dispute between parties who face each other in an adversary proceeding. The dispute relates to legal rights and obligations arising from the contracts of insurance. The dispute is definite and concrete, not hypothetical or abstract. Prior to this suit, the parties had taken adverse positions with respect to their existing obligations. Their contentions concerned the disability benefits which were to be payable upon prescribed conditions. On the one side, the insured claimed that he had become totally and permanently disabled and hence was relieved of the obligation to continue the payment of premiums and was entitled to the stipulated disability benefits and to the continuance of the policies in force. The insured presented this claim formally, as required by the policies. It was a claim of a present, specific right. On the other side, the company made an equally definite claim that the alleged basic fact did not exist, that the insured was not totally and permanently disabled and had not been relieved of the duty to continue the payment of premiums, that in consequence the policies had lapsed, and that the company was thus freed from its obligation either to pay disability benefits or to continue the insurance in force. Such a dispute is manifestly susceptible of judicial determination. It calls, not

for an advisory opinion upon a hypothetical basis, but for an adjudication of present right upon established facts. * * * If the insured had brought suit to recover the disability benefits currently payable under two of the policies there would have been no question that the controversy was of a justiciable nature, whether or not the amount involved would have permitted its determination in a federal court. Again, on repudiation by the insurer of liability in such a case and insistence by the insured that the repudiation was unjustified because of his disability, the insured would have 'such an interest in the preservation of the contracts that he might maintain a suit in equity to declare them still in being.' * * * But the character of the controversy and of the issue to be determined is essentially the same whether it is presented by the insured or by the insurer. Whether the District Court may entertain such a suit by the insurer, when the controversy as here is between citizens of different States or otherwise is within the range of the federal judicial power, is for the Congress to determine. It is the nature of the controversy, not the method of its presentation or the particular party who presents it, that is determinative."

■ No exception was taken as to the manner in which the case was heard in the court below, probably because there was no dispute as to the facts, the objections being directed entirely to the jurisdiction of the court. We need not decide, therefore, whether it should have been heard at law, instead of before the judge as a suit in equity. American Mills Co. v. American Surety Co., 260 U.S. 360, 43 S.Ct. 149, 67 L.Ed. 306; Reynes v. Dumont, 130 U.S. 354, 395, 9 S.Ct. 486, 32 L.Ed. 934.

For the reasons stated, the decree appealed from will be affirmed.

Affirmed.