## PILOT LIFE INS. CO. v. HABIS.

### No. 4167.

Circuit Court of Appeals, Fourth Circuit.

June 14, 1937.

Pinckney L. Cain, of Columbia, S. C. (Thomas, Lumpkin & Cain, of Columbia, S. C., and Smith Wharton & Hudgins, of Greensboro, N. C., on the brief), for appellant.

J. B. S. Lyles, of Columbia, S. C. (Cooper & Maher, of Columbia, S. C., on the brief), for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

NORTHCOTT, Circuit Judge.

This is an action at law originally brought in the court of common pleas for Richland county, S. C., by Elly Jane Habis, appellee, here referred to as the plaintiff, against the Pilot Life Insurance Company, appellant, here referred to as the defendant. The action was instituted to recover the face amount, $2,000, and double indemnity alleged to be due under a policy of insurance issued by the defendant on the life of John R. Habis, deceased husband of the plaintiff, she being named as beneficiary in the policy.

The action was removed to the United States District Court for the Eastern District of South Carolina. An answer was filed by the defendant admitting the execu-

tion and delivery of the policy and admitting that it was in full force at the time of insured's death. Receipt of the proof of death of the insured and its liability for the face amount of the policy, less certain indebtedness, was acknowledged. The defendant denied, however, its liability for the double indemnity which was provided for death resulting from bodily injuries sustained solely through external, violent, and accidental means independently of all other causes.

The plaintiff applied to the judge of said District Court for an order directing the defendant to pay her the sum of $1,-886.57, the amount admitted to be due. This motion was made pursuant to section 584 (subdivision 15) Code of Laws of South Carolina 1932. After a hearing of this motion before the District Judge an order was entered requiring the defendant to pay said sum to the plaintiff. The defendant made the payment in obedience to said order and thereupon the plaintiff moved the court for an order granting leave to discontinue the action, without prejudice, upon payment of the costs. After a hearing on this motion the judge below entered an order permitting a voluntary nonsuit without prejudice. From this action this appeal was brought.

The sole question involved is whether the action of the court in granting the nonsuit was correct.

■ The right of a plaintiff to take a voluntary nonsuit in the federal courts of South Carolina has been before this court, for consideration, in three cases, Prudential Insurance Company v. Stack (C.C.A.) 60 F.(2d) 830, New York Life Insurance Company v. Driggs (C.C.A.) 72 F.(2d) 833, and Aetna Life Insurance Company v. Thomas Thurston Wilson et al. (C.C.A.) 84 F.(2d) 330, 331. In these cases we held that the right of a plaintiff to a nonsuit "is absolute unless the defendant had acquired some right that would be prejudiced by the nonsuit." Aetna Life Insurance Company v. Wilson, supra. The instant case is different from the three cases above mentioned in that the plaintiff here recognized the jurisdiction of the federal court, invoked that jurisdiction, and received its benefits by having the court, on plaintiff's motion, direct the payment of the sum admitted to be due. The question then arises whether the defendant, by this action of the plaintiff, had acquired a right that would be prejudiced by the nonsuit. We have repeatedly held that the right to

have a case tried in a certain jurisdiction is not a right the denial of which would prejudice the defendant. Courts have never held that one jurisdiction is superior to another in the administration of justice.

■ The only result to the defendant, of the granting of the nonsuit, is the threat of future litigation. This threat always confronts a defendant when a nonsuit is granted. The Supreme Court held in Ex parte, Skinner & Eddy Corporation, 265 U.S. 86, 44 S.Ct. 446, 448, 68 L.Ed. 912, that to constitute a valid objection to the ordinary right of plaintiff to take a nonsuit it must be shown that "a dismissal of the bill would prejudice the defendants in some other way than by the mere prospect of being harassed and vexed by future litigation of the same kind."

■ Should it even be concluded that, by her action in invoking the jurisdiction of the federal court to secure the payment of the amount admitted to be due, the plaintiff had begun the trial of the cause, which we do not decide, the granting of the nonsuit ceased to be a matter of right and became a matter addressed to the sound discretion of the trial court. Cunningham v. Independence Insurance Company, 182 S.C. 520, 189 S.E. 800, and cases there cited.

■ As was said by Judge Woods, formerly of this court, in State v. Southern R. Co. et al., 82 S.C. 12, 62 S.E. 1116, 1117: "It is next to be determined whether the record shows the circuit court granted leave to discontinue on the ground that it had no discretion to do otherwise. All the judicial power with which a tribunal is invested by law enters into and supports its judgments. Hence, when a court makes an order which it was within its discretion to grant or refuse, the strong presumption is that the power of discretion was exercised. To overcome this presumption the record must affirmatively show that the order was granted, because of an erroneous conclusion that the court was without discretionary power to refuse it."

That the judge below in granting the nonsuit did it in the exercise of his discretion seems clear from the order entered, which is in part as follows:

"Defendant makes no independent showing of prejudice on the motion to discontinue. It relies on the record and argues prejudice therefrom, contending that this Court has partly decided the case on its merits in passing the order to pay over, so

that defendant is entitled to have this Court continue its jurisdiction to a complete decision of the merits.

. "From a practical viewpoint the defendant cannot successfully claim that it has been prejudiced, or has acquired a substantial right, by paying over money that it admittedly owed. Plaintiff expressly concedes the obvious legal status—that the jurisdiction of this Court was in no wise affected by the order to pay over or the payment pursuant thereto—that this motion for a voluntary nonsuit is an invocation of the jurisdiction of this Court and a request that such jurisdiction be exercised in granting plaintiff a remedy to which she is entitled."

■ The trial judge clearly exercised his discretion in allowing the nonsuit; and, even though the action taken with respect to the admitted liability be held to remove the taking of nonsuit from the realm of right to the realm of discretion, the action permitting it must be affirmed, as there is nothing to show that the discretion was abused.

We express no opinion, however, as to the right of the plaintiff to maintain a new and separate suit to recover the double indemnity.

The order of the court below is accordingly affirmed.

Affirmed.