## LAWSON v. MOORE et al.

District Court, W. D. Virginia, at Danville. Sept. 8, 1939.

Don P. Bagwell, of Halifax, Va., and McKinney & Settle, of South Boston, Va., for plaintiff.

Grasty Crews and Rutledge C. Clement, both of Danville, Va., for defendants.

DOBIE, District Judge.

This action was brought by an infant plaintiff in the State Court to recover $10,000 damages for injuries alleged to have been sustained in an automobile accident. The case was duly and properly removed by the defendants to the United States District Court for the Western District of Virginia.

On the first day of the term in the Federal Court at which the case might have been tried, and after the case had been duly pleaded to issue, a motion was filed by the plaintiff for permission to dismiss the action without prejudice.

A dismissal under such circumstances under Rule 41(a) (2) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, can be had only "upon order of the court and upon such terms and conditions as the court deems proper."

Representations by plaintiff's counsel seem to indicate some real hardship if the motion to dismiss without prejudice is not granted. The motion was opposed by counsel for the defendants, who insist that as the defendants had properly removed the case to the Federal forum, which the defendants preferred, that defendants were entitled to have the case tried in the Federal Court, and they insisted that if the motion of the plaintiff to dismiss without prejudice be granted, a condition should be imposed that any further litigation must be in the Federal Court. Defendants evidently feared that if this motion to dis-

miss should be granted, plaintiff would file another action in the State Court for less than three thousand dollars damages and plaintiff would thereby block a removal of the action by the defendants to the Federal Court.

If the condition be imposed on the dismissal that any further litigation must be in the Federal Court, the case can not be tried for six months, whereas, if the plaintiff should file a suit in the State Court for less than three thousand dollars, a decision could be reached much more quickly.

█ Under the rule above quoted, it seems that the Court on a motion such as this should weigh the equities and should make that decision which to the Court seems fairest under all of the circumstances.

Even if the plaintiff should file suit for less than three thousand dollars in the State Court, this would involve a manifest advantage to the defendant of a reduction of more than two-thirds of the amount of the damages claimed, and this Court must presume that adequate justice will be done in the State Court.

█ Under the circumstances, this Court is of the opinion that the motion to dismiss without prejudice will work the least hardship on the parties involved. In this decision, I think I am following the course adopted by District Judge Nields in United States v. Commercial Solvents Corporation, D.C., 25 F.Supp. 653.

█ Plaintiff's motion to dismiss without prejudice is, accordingly, granted, but the plaintiff must pay the costs in this action.