## HEPBURN v. PENNSYLVANIA INDEMNITY CORPORATION.

### No. 7397.

United States Court of Appeals for the District of Columbia.

Decided Dec. 29, 1939.

Leonard J. Ganse and Carl F. Bauersfeld, both of Washington, D. C., for appellant.·

Charles S. Baker, Benjamin L. Tepper, and Warren E. Magee, all of Washington, D. C., for appellees.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

EDGERTON, Associate Justice.

Appellee, the insurer, sued for and obtained a declaratory judgment under 28 U.S.C. § 400, 28 U.S.C.A. § 400, to settle a dispute over the coverage of an insurance policy. The District Court's jurisdiction, which appellant questions, is clear, since it is a court of the United States.[1] It is also clear that "the remedy prescribed by the Declaratory Judgment Act may furnish a convenient and appropriate remedy for use in many cases where a controversy has arisen over the coverage of an automobile liability insurance policy."[2]

The automobile liability policy in suit was issued to Ellen Richards. She was killed in the insured car while it was being driven, with her consent, by Catherine D. Richards. Ellen's executrix recovered a default judgment against Catherine in a negligent death action. Catherine asserted that the insurer was obligated to pay that judgment. The

---

[1] O'Donoghue v. United States, 289 U. S. 516, 544, 53 S.Ct. 740, 77 L.Ed. 1356.

[2] Ætna Casualty & Surety Company v. Quarles, 4 Cir., 92 F.2d 321, 325. Anderson v. Ætna Life Insurance Company of Hartford, Conn., 4 Cir., 89 F.2d 345; Central Surety & Insurance Corporation v. Caswell, 5 Cir., 91 F.2d 607; Western Casualty & Surety Company v. Beverforden, 8 Cir., 93 F.2d 166.

insurer then brought this suit against the parties to the death action, and obtained an adjudication that it is not required to pay the judgment against Catherine. The executrix appeals.

The policy insures the "named insured," Ellen Richards, and also any "additional insured," including persons legally driving the car (as Catherine D. Richards was) with the permission of Ellen Richards, "against loss imposed by law, resulting from accident * * * by reason of the ownership, maintenance, operation or use * * * of the Motor-Vehicle * * * and arising out of * * * Bodily Injuries whether resulting fatally or otherwise * * * to any person or persons not hereinafter excepted under General Conditions 'Risks not Covered.'" Under a heading, in capital letters, "General Conditions," the policy has a sub-head, in bold-face capitals, "Risks Not Covered." This sub-head is followed by a paragraph which includes this language: "This policy does not cover, as respects named insured and/or any additional insured, any liability whatsoever * * * (3) For bodily injuries or death sustained by Named Insured or any other person claiming to be an Insured hereunder." Since the policy "does not cover, as respects * * * any additional insured, any liability * * * for * * * death sustained by Named Insured," the judgment below was plainly right. It does not appear that the financial responsibility act of the District of Columbia, on which appellant bases an argument, was applicable to Ellen or Catherine D. Richards. D.C. Code, Supp. IV, Tit. 6, § 255a.

Affirmed.