PIEDMONT INTERSTATE
FAIR ASS'N
v.
BEAN et al.
No. 6665.

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 16, 1953.

Decided Jan. 4, 1954.

As Amended on Denial of Rehearing
March 31, 1954.

Thomas B. Butler, Spartanburg, S. C., for appellant.

Warren P. Justice, J. Hertz Brown and Rufus M. Ward, Spartanburg, S. C. (John C. Williams, E. W. Johnson, Carlisle, Brown & Carlisle, and Perrin, Ward & Perrin, Spartanburg, S. C., on the brief), for appellees.

Before SOPER and DOBIE, Circuit Judges, and CHESNUT, District Judge.

SOPER, Circuit Judge.

John Bean, a citizen of the State of North Carolina, brought suit on May 14, 1952 in the District Court against Piedmont Interstate Fair Association, a South Carolina corporation, to recover the sum of $100,000 for personal injuries sustained by him as the result of an explosion of fireworks on the grounds of a fair conducted by the Fair Association in October, 1951 at Spartanburg, South Carolina. At the time Bean was on the fair grounds as an employee of the Fair Association. A motion was filed by the Fair Association to dismiss the complaint on the ground that it is a corporation organized for educational, charitable or eleemosynary purposes or some of said purposes, as set forth in §§ 8158 to 8168 of the South Carolina Code of 1942 and therefore is not liable for the tort alleged in the complaint. The Fair Association also filed an answer denying that Bean was injured because of negligence on its part and alleging contributory negligence on his part and setting up its exemption from liability for tort as declared in the motion to dismiss.

The motion to dismiss was heard but decision was withheld pending a possible decision on the same point in a case pending in the State Courts of South Carolina. Thereupon the Fair Association sought and obtained permission to file a third party complaint against the Fireworks Corporation of America and

against Jack Kochman, Inc., corporations formed under the laws of states other than South Carolina, and against Jack Kochman a citizen of the State of New York. In the third party complaint the Fair Association alleged that Fireworks Corporation was engaged in giving exhibitions of fireworks in fairs and public places, and that the Kochmans were engaged in giving dare devil exhibitions of automobile driving with fireworks at similar places; and that these third party defendants gave exhibitions at the Spartanburg fair under contract or arrangement with the Fair Association, and no other fireworks or °explosives were used at the fair; and that if any liability existed in favor of Bean for personal injuries from the explosion of fireworks at the fair, it was occasioned by the failure of one or both of the third party defendants to carry out safely and carefully their exhibitions of fireworks under their contracts; and the Fair Association therefore claimed the right of indemnity from the third party defendants for any amount for which it might be held liable to Bean for his injuries.

The third party defendants were duly summoned and made answer to the third party complaint denying the allegations of negligence on their part and asking for a trial of the issues between the original parties to the case separate from the trial of the issues between the third party plaintiff and themselves as third party defendants.

During the pendency of the case, both before and after the joinder of issue in the third party proceeding, various motions and inquiries were made by the several parties to the litigation, including a motion by the plaintiff for the production of the contracts between the Fair Association and the third party defendants, motions to produce other documents and correspondence between the parties, and motions to strike out the third party complaint. The Fair Association also filed certain interrogatories directed to the third party defendants under Rule 33 of the Federal Rules of Civil Procedure. 28 U.S.C.A. These interrogatories related to the contracts by the Fair Association and the third party defendants with reference to the 1951 fair and requested information as to the character of fireworks used by them at the fair.

A hearing was had in which all the parties participated, and an order was passed in which, among other things, the court denied the motions of the third party defendants to dismiss the third party complaint with the right to renew the motions after the answers to the interrogatories were filed. During the course of the proceedings the judge expressed the opinion that the Fair Association was exempt from liability for tort as a charitable corporation under the law of the state. Finally, on May 9, 1953, before the answers to the interrogatories were filed or any other demands of the Fair Association upon the third party defendants had been complied with, the original plaintiff moved the court for an order of voluntary dismissal of the suit without prejudice; and after hearing and against the objection of the Fair Association the motion was granted; and the court also granted the motion to dismiss the third party complaint on the ground that it failed to state a claim upon which relief could be granted. From this order the present appeal is taken.

The question now raised must be determined by the provisions of Rule 41 of the Federal Rules of Civil Procedure.[1] The purpose of the rule as interpreted by the federal courts was care-

---

1. "Rule 41. *Dismissal of Actions* ·
   "(a) *Voluntary Dismissal: Effect thereof*
   "(1) *By Plaintiff; by Stipulation* * * * an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the ac-

fully considered by Judge Goodrich in Ockert v. Union Barge Line Corp., 3 Cir., 190 F.2d 303. When that case was called for trial in the District Court the plaintiff, being unable to secure a continuance on account of a necessary medical witness, asked permission for a dismissal without prejudice, which was denied on the ground that the case had been pending for nearly two years, that it had been called for trial and set for a day selected by him, and that the defendant had brought his witnesses from various parts of the country. In sustaining this decision the Court of Appeals said: 190 F.2d 304, 305.

"There are some situations in which a plaintiff is entitled to dismiss of his own motion without any limitations by the trial judge. They are set out in Rule 41(a) (1), quoted above. The stated instances show clearly a thought-out purpose behind such provisions. They are to give a man a right to take his case out of court when no one else will be prejudiced by his doing so. The situation is quite different when answers have been filed, especially if a counterclaim is included. It is likewise an increasingly burdensome matter to one's opponent if a case has been prepared, trial date set and the party and his witnesses on hand and ready for trial. While it is quite true that the practice in many states has permitted a voluntary non-suit as of right at advanced stages in the litigation, sometimes even after submission of a case to a jury, we think the object of the federal rules was to get rid of just this situation and put control of the matter into the hands of the trial judge.

"The view that, except in the instances provided for, the grant or denial of voluntary dismissal without prejudice is a matter of judicial discretion has been accepted by the great majority of the District Courts and the Courts of Appeals in this country. It is supported by the Supreme Court. The one notable exception is a recent opinion by our brethren in the Seventh Circuit (Bolten v. General Motors Corp., 7 Cir., 1950, 180 F.2d 379, 381, 21 A. L.R.2d 623, certiorari denied, 1950, 340 U.S. 813, 71 S.Ct. 41, 95 L.Ed. 598 [2]) in which it was said that the 'terms and conditions' are the only matters to which the trial court's discretion is to be applied. The view of this Circuit has already been expressed in a previous decision. We stated that the matter was one for the discretion of the trial judge. We are content to follow our previously expressed view, which is supported, as already indicated, by the great weight of authority. We follow it not only because it is the majority view but because we think it is right."

With this analysis of the rule and this statement of the objects which it was designed to attain, we are in accord. The day is past in the federal courts when the right of dismissal, in accordance with the common law rule, was deemed well nigh absolute as in the earlier decisions of this court before the enactment of the Federal Rules of Civil

tion. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, * * *.

"(2) *By Order of Court.* Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. * * * Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."

2. The decision in this case was overruled by the subsequent decision of the Seventh Circuit in Grivas v. Parmelee Transp. Co., 207 F.2d 334 so that it now appears to be the unanimous holding of the federal courts that the grant or denial of voluntary dismissal without prejudice is a matter for the trial court's discretion.

Procedure.[3] The prejudice to the defendant which justifies the court in refusing permission to the plaintiff to dismiss is more carefully considered, and it is no longer true to say, as was so often said in decisions preceding the Federal Rules, that "the incidental annoyance of a second litigation upon the subject matter" furnishes no ground for denying the plaintiff permission to dismiss his complaint. See the facts in Ockert v. Union Barge Line Corp., supra. See also Young v. John McShain, Inc., 4 Cir., 130 F.2d 31, where, after much evidence had been taken as to the validity and infringement of a patent, the plaintiff was denied the right to withdraw from suit two claims of the patent which admittedly had not been infringed; Rollison v. Washington Nat. Ins. Co., 4 Cir., 176 F.2d 364 where the plaintiff was not allowed to dismiss after the case came on for hearing and the judge had indicated, after examining the pleadings, that the plaintiff had no case; Moore v. C. R. Anthony Co., 10 Cir., 198 F.2d 607 where in an action for patent infringement the trial court denied a motion for voluntary dismissal, which was made after the case had been tried and submitted and the court had indicated its judgment. Compare the decision of Dobie, D. J., in Lawson v. Moore, D.C.W.D.Va., 29 F.Supp. 175, where the plaintiff was permitted to dismiss a suit in the federal court in order to bring another suit in the state court for a sum beneath the federal jurisdictional amount, and the court said that on a motion to dismiss the judge should weigh the equities and make that decision which seemed fairest under all the circumstances; and also Young v. Wilky Carrier Corp., 3 Cir., 150 F.2d 764, where a plaintiff, believing that he had no case against one of two defendants, was permitted to dismiss as to him before trial over the objection of the other defendant who desired to assert the right of contribution from his co-defendant in case of an adverse decision.

In the light of these decisions we think that the motion of the plaintiff in the present case to dismiss his complaint without prejudice should be given further consideration after the facts have been definitely established by answers to the interrogatories of the Fair Association. Until this has been done the right of the Fair Association to indemnity by the Fireworks Company or the Kochmans, or both, under the law of South Carolina cannot be determined. It is urged that in South Carolina neither the right of contribution nor the right of indemnity exists among tort feasors. So far as the right of contribution is concerned, this is conceded, but we do not find that the Supreme Court of South Carolina has rejected the possibility that one tort feasor may be under such relations with another tort feasor, contractual or otherwise, as to be under a duty to indemnify the other if the latter is compelled to pay damages for injuries which the former by an independent action has inflicted. On the contrary there are suggestions in some of the South Carolina decisions that the right of indemnity may exist. See Johnson v. Atlantic Coast Line Railroad Co., 142 S.C. 125, 148–152, 140 S.E. 443; Miller & Barnhardt v. Gulf & Atl. Ins. Co., 132 S.C. 78, 84, 129 S.E. 131; Newell Contracting Co. v. J. F. & J. D. Blankenship, 130 S.C. 131, 145–146, 125 S.E. 420; Fuller v. Southern Electric Service Co., 200 S.C. 246, 257–258, 20 S.E. 2d 707; Little v. Robert G. Lassiter & Co., 156 S.C. 286, 153 S.E. 128. For a general discussion of the subject of indemnity among tort feasors see the decision of this court in United States v. Savage Truck Lines, 4 Cir., 209 F.2d 442.

---

3. See the decisions of this court in conformity with the prevailing rule in South Carolina: Prudential Ins. Co. of America v. Stack, 4 Cir., 60 F.2d 830; New York Life Ins. Co. v. Driggs, 4 Cir., 72 F.2d 833; Aetna Life Ins. Co. of Hartford, Conn. v. Wilson, 4 Cir., 84 F.2d 330; Pilot Life Ins. Co. v. Habis, 4 Cir., 90 F.2d 842, 843.

We are unable, upon the facts before us, to review that portion of the final order of the District Judge in which the third party complaint was dismissed on the ground that it failed to state a claim upon which relief could be granted. Irrespective of the right of the plaintiff to dismiss his complaint in the original action, the record is not ripe for a final adjudication of the liability of the third party defendants to the Fair Association.

██ Moreover, until all of the relevant facts are known the discretion lodged in the District Court to pass on the plaintiff's motion to dismiss his complaint cannot be satisfactorily exercised. The conclusion that the Fair Association had no case against the third party defendants necessarily entered into the determination that the Association would not be injured by granting the plaintiff's motion; and it is obvious that the filing of a third party complaint in any case is a factor which should be taken into consideration when the plaintiff seeks a voluntary dismissal. Rule 14 of the Federal Rules of Civil Procedure which sets up the third party practice was designed to expedite litigation by bringing all phases of a controversy into one action for final determination, and after the practice has been set in motion in a given case the purpose of the rule should not be frustrated by too liberal an exercise of the court's power to allow a plaintiff to dismiss his case. Jocie Motor Lines v. Johnson, 231 N.C. 367, 57 S.E.2d 388; Lee's Inc. v. Transcontinental Underwriters of Transcontinental Ins. Co., D.C.Md., 9 F.R.D. 470.

██ The plaintiff in the present case took an active part in the litigation for more than a year.[4] He was doubt-

---

**4.** There were three hearings during the proceedings in the District Court. On July 21, 1952 the court considered the motion of the Fair Association to dismiss the complaint on the ground that it was a charitable corporation and also the motion of the Fair Association to file a third party complaint against the Fireworks Corporation and the Kochmans; and also considered the plaintiff's motions for the production of the contracts between the Fair Association and the third party defendants as well as certain financial records of the Fair Association. The attorneys for the parties to the original complaint participated in this hearing. The court reserved decision and directed the attorneys to file briefs. On August 18, 1952 the court passed an order in which it stated that it had reached definite conclusions concerning the motions but deferred decision on the defendants' motion to dismiss because of another pending action against the Fair Association for personal injuries in the state court which would be binding upon the federal court. Accordingly the court reserved judgment upon the motion of the Fair Association to dismiss until the decision of the case in the state court. The court granted the motion of the Fair Association to file a third party complaint, being of the opinion that it was entitled to do so under the Rules of Federal Procedure.

On March 14, 1953 a hearing was had on the motion of the third party defendants to dismiss the original complaint and the third party complaint. These motions were overruled with leave to renew them upon a presentation of briefs and interrogatories to be filed by the Fair Association. The participants in this hearing were attorneys for the original parties and also attorneys for the third party defendants.

On March 23, 1953 interrogatories were filed which related to the contracts between the Fair Association and the third party defendants and the activities of those defendants in the handling of fireworks during the fair. On the same day the Fair Association moved for the production of the contracts and certain correspondence.

On March 28, 1953 a hearing was had on the Fair Association's motions for inspection of papers and the third party defendants' motion for a separate trial. The production of certain documents was directed and decision on the motion for separate trial was reserved and the third party defendants were granted an extension of ten days to answer interrogatories. Counsel for all the parties participated in the hearing. The judge expressed the opinion that the Fair Association was exempt from suit as a charitable corporation.

On May 15, 1953 a hearing was had on plaintiff's motion for voluntary dismissal in which all counsel participated and the motion was granted on May 25, 1953.

less delayed by the motions and counter-motions that were filed but it seems clear that his dismissal of the case was influenced by the judge's announcement that the Fair Association, as a charitable organization, was free from liability for the plaintiff's injuries. The voluntary dismissal of an action by a plaintiff after participation in the trial and after the judge has expressed an adverse opinion of the merits of his claim has not been favorably regarded by the courts.

The plaintiff need not have been impeded in the suit by the third party proceeding because, if he did not desire to assert any right of action against the third party defendants, as he might have done under Rule 14(a), he could have applied to the court under Rule 42(b) to order a separate trial of the original action. At one stage of the proceedings the third party defendants themselves asked for a separate trial and the judge indicated that he would grant their request.

An added circumstance of substantial weight, having regard for the position of the original defendant, is that the third party defendants, all of whom have their legal residence outside the State of South Carolina, have been summoned in the present litigation and have answered the third party complaint. Whether it would be possible to get service upon them again in South Carolina or elsewhere so that the respective rights and liabilities of the parties to the third party action could be determined in one suit is entirely conjectural. The added burden and uncertainty which this fact would impose upon the original defendant should also be taken into account in passing upon the motion of the original plaintiff to dismiss his action.

The order of the District Court must be vacated and the case remanded for further proceedings in accordance with this opinion.

Vacated and remanded.