**WEST VIRGINIA–OHIO VALLEY AREA I.B.E.W. WELFARE FUND, et al., Plaintiff,**

v.

**THE AMERICAN TOBACCO COMPANY, et al., Defendants.**

**No. CIV A 2:97–0978.**

United States District Court, S.D. West Virginia, Charleston Division.

July 26, 1999.

Theodore Goldberg, David B. Rodes, Anthony J. D'Amico, David P. Chervenick, Bruce E. Mattock, Goldberg, Persky, Jennings & White, P.C., Pittsburgh, PA, Brian Alan Prim, Goldberg, Persky, Jennings, White & Hostler, Huntington, WV, for Plaintiffs.

Gretchen M. Callas, Jackson & Kelly, W. Henry Jernigan, Jr., Jackson & Kelly, Charleston, WV, Kenneth N. Bass, Karen M. DeSantis, Dawn Danzeisen Marchant, Jason Beckerman, Kirkland & Ellis, Washington, DC, for Defendants.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending is Plaintiff's motion for voluntary dismissal without prejudice pursuant to *Rule* 41(a)(2), *Federal Rules of Civil Procedure.* The Court **GRANTS** the motion as moulded.

Defendants mount a significant challenge to Plaintiff's motion. They oppose not dismissal, but rather dismissal without prejudice. They request the Court (1) dismiss the case with prejudice or, in the alternative, (2) allow the case to proceed to summary judgment.

*Rule* 41(a)(2) provides, in pertinent part, as follows:

Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and *upon such terms and conditions as the court deems proper.*

Fed.R.Civ.P. 41(a)(2). The Court discussed recently this area of the law in *Bragg v. Robertson,* 54 F.Supp.2d 653 (S.D.W.Va. 1999):

Typically, a motion for dismissal without prejudice should not be denied "absent substantial prejudice to the defendant," *Andes v. Versant Corp.,* 788 F.2d 1033, 1036 (4th Cir.1986). Comparatively, actual legal prejudice is the standard rather than the mere prospect of suffering subsequent lawsuits, *Davis v. USX Corp.,* 819 F.2d 1270, 1274–75 (4th Cir.1987).

*Id.,* 54 F.Supp.2d at 660–661.

*Davis* observed "It is well established that, for purposes of Rule 41(a)(2), prejudice to the defendant does not result from the prospect of a second lawsuit." *Davis v. USX Corp.,* 819 F.2d at 1274. The Court of Appeals further stated "Indeed, in cases involving the scope of state law, courts should *readily approve of dismissal* when a plaintiff wishes to pursue a claim in state court. In this case, for example, a lawsuit in state court is preferable because it would allow the courts of South Carolina to resolve a difficult question of state law." [1] *Id.* at 1275 (emphasis added).

Defendants assert Plaintiff's proposed dismissal would prejudice them. They note (1) the substantial briefing they have already undertaken in this case; and (2) the significant discovery that has been completed. Despite its discretionary authority to dismiss the case with prejudice, the Court does not believe such to be appropriate under the circumstances. The Court's overriding concern since the commencement of this action has been to bring it to a resolution on the merits, whether in favor of Plaintiff or Defendants.[2] As Defendants note, this Court

---

**1.** Coincidentally, one of Plaintiff's stated reasons for dismissal is its belief "that whether [it has] a direct claim against tobacco sellers under West Virginia law presents issues of first impression best resolved by the West Virginia Courts[.]" Mot. at 2.

**2.** The Court is aware of a nearly five-decade old decision from our Court of Appeals in *Piedmont Interstate Fair Assoc. v. Bean,* 209 F.2d 942 (4th Cir.1954). In *Piedmont,* the district court granted plaintiff's motion for voluntary dismissal without prejudice. Plaintiff had taken an active part

was, and remains, one of the few tribunals in the Nation willing to permit this type of case to proceed to this point. Dismissal with prejudice in this forum without a trial could terminate the rights of thousands of claimants without effective notice and fully, and perhaps unjustly, exonerate the Defendants.

In any event, Defendants' claims of prejudice, with one exception addressed *infra*, are weak.[3] Plaintiff acknowledges "[a]ny legal research and factual information developed by Defendants during the course of this action will be equally applicable to any possible future action involving the same claims." Mot. at 3. In other words, all discovery and pretrial activities done here will be usable for and against the litigants elsewhere. That concession militates strongly in favor of dismissal without prejudice, given Defendants' failure to demonstrate any substantial prejudice.[4]

The issue of conditions on dismissal, however, remains viable. As noted in *Davis*, the Rule:

> in the litigation for over one year and was influenced in its decision to seek dismissal by the trial judge's expressed adverse opinion of the merits of the claim. The Court of Appeals reversed, stating:
>
>> The plaintiff in the present case took an active part in the litigation for more than a year. [H]e was doubtless delayed by the motions and countermotions that were filed but it seems clear that his dismissal of the case was influenced by the judge's announcement that the Fair Association, as a charitable organization, was free from liability for the plaintiff's injuries. The voluntary dismissal of an action by a plaintiff after participation in the trial and *after the judge has expressed an adverse opinion of the merits* of his claim has not been favorably regarded by the courts.
>
> *Id.* at 947–48 (emphasis added). Defendants claim Plaintiff's proposed dismissal is at least partly based on the asserted dim view the Court has taken on the merits of the claims. They point only to an appeal from the Magistrate Judge earlier in the case.
>
> In that appeal, the issue to be addressed was whether Plaintiff's claims were derivative in nature, requiring discovery of individual participants and beneficiaries. The Court noted the very persuasive reasoning by Judge Cardamone in *Laborers Local 17 Health & Benefit Fund*, 172 F.3d 223, 1999 WL 199016 (2nd Cir.1999), on that issue. Based on *Laborers*, this Court stated "[i]f a successful argument can be made the Funds' claims are not of a derivative nature, the Fund has yet to make it. For now, the claims

permits the district court to impose conditions on voluntary dismissal to obviate any prejudice to the defendants which may otherwise result from dismissal without prejudice. In considering a motion for voluntary dismissal, the district court must focus primarily on protecting the interests of the defendant.

*Davis*, 819 F.2d at 1273. Defendants have demonstrated it would be unjust to allow Plaintiff to escape the effect of the Magistrate Judge's sanctions order, affirmed by this Court in a May 24 Memorandum Opinion. The Court noted in that Opinion "the sanctions were imposed only after repeated failures by the Fund to keep its promises, meet its discovery obligations or comply with an Order compelling production." Memo. op. at 10. It would be unfair to permit Plaintiff to start with a clean slate in state court when it disregarded its discovery obligations in this Court. Accordingly, in addition to the condition imposed in note 4 *supra*, the Court further conditions voluntary dismissal on

> appear purely derivative and the Magistrate Judge's Order is [affirmed]." Memo. op. at 12 (May 24, 1999). As noted *supra*, the Court's intent since the filing of this case has been to reach a resolution on the merits. If the Court were disposed to proceed otherwise, it would have permitted Defendants, especially following the appeal, to seek a dispositive ruling prior to completion of discovery, a course it expressly disavowed previously in this case. The Court does not believe Defendants' argument is well-taken.
>
> In any event, the Court does not rely upon *Bean* for a number of alternative reasons. First, *Bean* does not establish a bright-line rule. Second, there were other factors militating in favor of final dismissal in *Bean* that are not present here. Third, *Bean* has been cited by our Court of Appeals only twice in the past four decades. For these and other reasons, the Court believes its statement and application of the law in the body of this Opinion more faithfully reflects and adheres to the present law of this Circuit.

3. The asserted prejudice from permitting Plaintiff to depart unscathed from a sanction imposed by the Magistrate Judge, and affirmed by this Court, is addressed as a condition of dismissal below.

4. To hold Plaintiff to its word, however, the Court conditions Plaintiff's dismissal without prejudice on the promise they will not oppose Defendants' use of discovery and research materials secured in this case to date in any subsequent action.

Plaintiff's willingness to adhere to the Magistrate Judge's limitations, as affirmed by this Court. Namely, Plaintiff must agree it is precluded from asserting any claim in state court which is based on alleged injuries to the Fund's individual members.

In the alternative to dismissal with prejudice, Defendants urge the Court to permit this case to proceed to summary judgment.[5] The Court, however, is not inclined to force Plaintiff to carry water on litigation theories it no longer wishes to pursue in this forum. In resolving the complicated issues presented, the Court would prefer the full adversarial efforts of a passionately committed litigant. Such a plaintiff-litigant, however, is now plainly absent.

At bottom, this complex case presents substantial issues of public policy that should not be dispensed with by a simple on-the-merits dismissal with prejudice. Rather, as this Court has intended from the beginning, the claims should be given a full and fair factual and legal airing prior to any decision on the merits.

Accordingly, Plaintiff's motion is **GRANTED** as moulded. The dismissal without prejudice, and without imposition of extraordinary costs, will occur July 30, 1999 without necessity of further Order, if Plaintiff agrees to the imposed conditions. If Plaintiff does not agree, (1) it shall so advise the Court prior to July 30; (2) the case will proceed according to the Scheduling Order; and (3) this Memorandum Opinion will be deemed **RESCINDED** without necessity of further Order.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record via facsimile and first class mail.

---

**5.** Defendants point to the rather one-sided state of the law against pension-fund recovery actions. The same decisions Defendants now rely upon, however, will be equally weighty in state court, should Plaintiff choose to refile there.

Defendants are also correct Plaintiff (1) was sometimes difficult to pin down during discovery; and (2) sought at every available turn to have all issues addressed in a perceived more favorable state-court forum. The first assertion

is addressed largely by the Court's conditions on dismissal, and the second carries little weight. No less a judicial luminary than Learned Hand once observed " 'Ordinarily the mere fact that a plaintiff prefers the state courts ought not to prevent his discontinuing his suit; one court is as good as another.' " *Young v. Southern Pacific Co.*, 25 F.2d 630, 632 (2nd Cir.1928) (Learned Hand, J., concurring)(quoted in *Davis v. USX Corp.*, 819 F.2d at 1275).