Margaret TOPPINGS, et al., Plaintiffs,

v.

MERITECH MORTGAGE SERVICES, INC., et al., Defendants.

No. Civ.A. 2:00–1055.

United States District Court,
S.D. West Virginia,
Charleston Division.

Sept. 19, 2001.

Bren J. Pomponio, Daniel F. Hedges, Mountain State Justice, Inc., Charleston, WV, for plaintiffs.

Bruce M. Jacobs, Mary E. Aber, Spilman, Thomas & Battle, Charleston, WV, W. Jack Stevens, Hamlin, WV, for defendants.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending are (1) Plaintiffs' motion to voluntarily dismiss and (2) a renewed joint motion to compel arbitration and dismiss, or in the alternative, to stay, and (3) a demand for summary proceeding for order compelling arbitration, both filed by Defendants Meritech Mortgage Services, Inc., Saxon Mortgage, Inc. and Chase Manhattan Bank. The Court **GRANTS** Plaintiffs' motion to dismiss and **DENIES** the remaining motions as moot.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs Margaret and Roger Toppings are Lincoln County residents. Ms. Toppings

is a sixty-five (65) year old woman who attained a fifth grade education. Her husband reached the seventh grade and can understand "little" words but not "big ones." Dep. of Roger Toppings at 23–30.

In October 1999 the Toppings were solicited with an ad placed by Defendant Platinum Capital Group for a home equity loan. The base loan APR was advertised at 6.9%, but in fact a 10% rate was involved and it was not disclosed the loan would include a $36,000.00 balloon payment.

In November 1999, Defendant Salmons Agency, Inc. gave the Toppings sixty-four (64) pages of loan documents. When the Toppings asked someone to read and explain the papers to them, a Salmons' agent advised she knew nothing about the papers and that she did not know why the papers were sent to her. She further advised she did not have time to read the documents and told the Toppings to take the papers home and read them.

Ultimately, the Toppings signed the documents and obtained the loan from Defendant Platinum Capital Group, secured by a first lien deed of trust on real estate they owned. Platinum assigned all of its right, title and interest in the loan to Defendant Chase Manhattan Bank, as custodian for Defendant Saxon Mortgage, Inc., and its successors and assigns.

The Toppings filed an Amended Complaint based on the loan transaction, asserting claims for violations of the Truth in Lending Act (TILA) and Regulation Z. They also filed a state action asserting purely state claims arising from the loan. Earlier in the case, Defendants Chase and Saxon sought enforcement of an arbitration agreement (Agreement) contained in the loan documents and signed by the Toppings. Anticipating the challenge, the Plaintiffs in the Amended Complaint, in addition to asserting three TILA claims, also launched a frontal assault on the Agreement, asserting it (1) denied the Toppings' right to an impartial tribunal; (2) lacked mutuality of obligation; (3) contained

unconscionable terms; and (4) contravened public policy.[1]

Based on these common law and statutory defenses, the Toppings sought a declaration from the Court voiding the Agreement. In ruling on the parties' competing requests, the Court required:

> discovery is necessary on the Toppings' challenges to the Agreement. The Court believes additional factual development is warranted particularly, without limitation, on both the issues of unconscionability and the impartiality and other challenges to the NAF as the chosen arbitral forum.

*Toppings v. Meritech Mortgage Servs., Inc.,* 140 F.Supp.2d 683, 685 (S.D.W.Va.2001).

Substantial discovery ensued. The fruits of that activity have been used in this forum and in the state action. During discovery, the Circuit Court of Lincoln County held the instant arbitration clause unconscionable as a matter of state law. The court went on to certify the question to the Supreme Court of Appeals of West Virginia. Apparently, Plaintiffs have now filed a petition to docket the certified questions with the West Virginia Court.

When discovery concluded, the motion to compel was renewed in this Court, and Plaintiffs sought a voluntary dismissal. The motion for voluntary dismissal pleads:

> Plaintiffs originally filed two actions on the same day involving the same parties, one in state court on numerous different state-law claims, and the second in federal court involving only Truth–in–Lending claims.... Since the time of filing to counsel's surprise, issues concerning the validity of the arbitration clause have dominated both actions. As a result, counsel's energies and efforts litigating the plaintiff's claims have been consumed by the arbitration issues and the substantive legal claims have not been addressed. The Circuit Court of Lincoln County has ruled the arbitration forum at issue is not impartial and simultaneously certified the question the Supreme Court of Appeals of West Virginia. In the interim, settlement discus-

---

1. The initial Complaint asserted three TILA counts. The Amended Complaint, raising the same state law defenses to the arbitration agree-

ment raised in the state action, was filed following Defendants' motion to compel arbitration pursuant to the agreement.

sions have begun between the plaintiffs and at least one of the defendants. Given that counsel has been litigating the same arbitration issues in two forums simultaneously, the plaintiffs do not believe it is a wise use of resources. The obvious overlap of the two proceedings was unexpected, yet now appears unavoidable. It appears to the plaintiff that (a) the equitable relief that may be afforded solely on the federal claim is duplicitous of the relief that may be awarded on the state claims, and not as great on the damages claims, and (b) the resources and effort required to pursue all those claims, considering the arbitration clause issues implicated is disproportional to any additional relief. In as much as plaintiffs believe that comprehensive relief including cancellation can be obtained upon any one of three of the state law bases presently pending in state court, the plaintiffs respectfully move to dismiss this action.

Mot. at 1–2 (numbered paragraphs omitted).

Defendants oppose dismissal on several grounds and seek an order compelling arbitration.

**2.** Section 4 provides:

A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement. Five days' notice in writing of such application shall be served upon the party in default. Service thereof shall be made in the manner provided by the Federal Rules of Civil Procedure. The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. The hearing and proceedings, under such agreement, shall be within the district in which the petition for an order directing such arbitration is filed. If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof. If no jury trial be demanded by the party alleged to be in default, or if the matter in dispute is within admiralty jurisdiction, the court shall hear and determine such issue. Where

## II. DISCUSSION

Defendants first assert the Court has subject matter jurisdiction to entertain the motion to compel arbitration. Defendants are correct. The Court possessed federal question jurisdiction when Plaintiffs instituted this action. Plaintiffs' subsequent filing of a *Rule* 41(a)(2) motion has not changed anything in that regard.

■ Defendants next assert the Federal Arbitration Act *requires* a hearing and ruling on the motion to compel arbitration prior to a ruling on the motion to voluntarily dismiss. Other than quoting the text of Section 4 of the FAA, 9 U.S.C. § 4,[2] Defendants offer no authority in support. Indeed, it seems peculiar to order arbitration in a federal case where Plaintiffs have no intention of pursuing their claims any further. In essence, an order compelling arbitration would force Plaintiffs to pursue and arbitrate federal claims they would just as soon abandon. Consequently, there is no ongoing federal question controversy between adversaries in this forum.[3]

■ Defendants next assert Plaintiffs "no longer have the right to voluntarily dismiss

such an issue is raised, the party alleged to be in default may, except in cases of admiralty, on or before the return day of the notice of application, demand a jury trial of such issue, and upon such demand the court shall make an order referring the issue or issues to a jury in the manner provided by the Federal Rules of Civil Procedure, or may specially call a jury for that purpose. If the jury find that no agreement in writing for arbitration was made or that there is no default in proceeding thereunder, the proceeding shall be dismissed. If the jury find that an agreement for arbitration was made in writing and that there is a default in proceeding thereunder, the court shall make an order summarily directing the parties to proceed with the arbitration in accordance with the terms thereof.
9 U.S.C. § 4.

**3.** The arbitration clause is triggered by "disputes, claims, or controversies arising from or related to the loan[.]" Demand at 2. If such a dispute, claim, or controversy ceases to exist, the Agreement plainly does not contemplate alternative dispute resolution. The Agreement's language goes to the heart of Defendants' attempt to invoke the Federal Arbitration Act (FAA). As the Court is empowered under FAA Section 4, 9 U.S.C. § 4, only to order arbitration "in the manner provided for in [the] agreement[,]" the FAA does not appear to help Defendants under the circumstances.

this action pursuant to Rule 41[.]" Demand at 10. That argument is plainly untenable in this Circuit. *See, e.g., Davis v. USX Corp.,* 819 F.2d 1270, 1273 (4th Cir.1987) ("Rule 41(a)(2) allows a plaintiff, with the approval of the court, to dismiss voluntarily an action without prejudice at any time.").

The remainder of Defendants' arguments can be addressed within the four-factor test established by our Court of Appeals for disposition of a *Rule* 41(a)(2) motion. A brief review of the law governing the disposition of such motions is helpful at this point.

*Rule* 41(a)(2) provides:

(2) **By Order of Court.** Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

*Id.* As this Court noted recently, "Typically, a motion for dismissal without prejudice should not be denied 'absent substantial prejudice to the defendant[.]'" *West Virginia–Ohio Valley Area I. B.E.W. Welfare Fund v. American Tobacco Co.,* 188 F.R.D. 425, 426 (S.D.W.Va.1999) (quoting *Andes v. Versant Corp.,* 788 F.2d 1033, 1036 (4th Cir.1986)); *see also Davis v. USX Corp.,* 819 F.2d 1270, 1273 (4th Cir.1987) ("The purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced.").

The Court of Appeals in *Davis* further observed:

It is well established that, for purposes of Rule 41(a)(2), prejudice to the defendant does not result from the prospect of a second lawsuit. Moreover, the possibility that the plaintiff will gain a tactical advantage over the defendant in future litigation will not serve to bar a second suit. Thus, in this case, the mere prospect of the transfer of litigation to state court was an insufficient basis for denying the motion for voluntary dismissal. "Ordinarily the mere fact that a plaintiff prefers the state courts ought not to prevent his discontinuing his suit; one court is as good as another." *Young v. Southern Pacific Co.,* 25 F.2d 630, 632 (2 Cir.1928) (Learned Hand, J., concurring).

Indeed, in cases involving the scope of state law, courts should readily approve of dismissal when a plaintiff wishes to pursue a claim in state court.

*Id.* at 1274–75 (some citations omitted); *see also American Tobacco,* 188 F.R.D. at 428 n. 5.

■ The four factors a district court should consider in ruling on a *Rule* 41(a)(2) motion are: (1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, *i.e.,* whether a dispositive motion is pending.

■ Regarding the first factor, Defendants have expended time, energy and money pursuing discovery and other case events in this forum. It does appear, however, the fruits of these expenditures are being employed also in the pending state court action.[4] Further, Defendants have difficulty showing prejudice given the federal claims will be dismissed with prejudice. There is no likelihood the claims will resurface at another time, in another forum. The pending state claims/defenses in this Court will not "reappear" either—they pend currently in the state action. This factor weighs in favor of dismissal.

The Court next looks to excessive delay and lack of diligence by the movant. This action was instituted in November 2000.

4. Defendants have not contested Plaintiffs' assertion "The discovery conducted in this case had to be conducted for the state case, regardless of this federal action." Reply at 14; *see also id.* at 3 ("[D]iscovery conducted in this case was used in the state case as well.").

Virtually all of the parties' efforts to date, however, have been devoted to the question of whether a valid arbitration agreement exists. No trial date is currently set and no deadline for dispositive motions has been established pending resolution of the issues surrounding arbitration. Also, as noted *supra*, it appears the efforts by both sides will be easily transferable to address the unresolved questions in the state action. While Plaintiffs might have crystallized their intentions earlier, their failure to do so does not warrant a finding of delay or lack of diligence. This factor also weighs in favor of dismissal.

Regarding the third factor, Plaintiffs have fully and adequately explained the rationale behind seeking a voluntary dismissal of this action. Their reasons for abandoning the federal claims are reasonable and appear neither contrived nor suspect in any way. This factor also weighs in favor of dismissal.

Finally, the Court looks to the present stage of the litigation and whether a dispositive motion is pending. From one perspective, a dispositive motion on the question of arbitrability is present. The Court must balance the existence of that motion, however, with the fact that much work remains to be done, including (1) final determination of the existence of an arbitration agreement and, absent an order compelling arbitration, (2) merits discovery; (3) dispositive motions relating to the merits of the pending claims; (4) preparation of jury instructions and a pretrial order; and (5) various conferences with the Court leading to trial. In sum, while much has been done, much more remains to bring the case to finality. The Court thus deems this factor neutral, at best, but actually one appearing to tilt in favor of dismissal.[5]

The applicable factors weigh in favor of granting Plaintiffs' motion to dismiss. Accordingly, the Court **GRANTS** Plaintiffs' motion to dismiss, **DENIES** the remaining motions as moot, and **ORDERS** as follows:

1. Counts I through III of the Amended Complaint are **DISMISSED WITH PREJUDICE;** and

2. The remaining Counts are **DISMISSED WITHOUT PREJUDICE.**

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record.

---

**5.** Defendants assert in the alternative that if the Court grants the Plaintiffs' motion to voluntarily dismiss the case, Defendants will "immediately seek a declaratory judgment" for arbitration,

presumably in a newly filed federal action, "pursuant to the provisions of the Federal Arbitration Act." The Court expresses no opinion on the merits of that approach.