Diana G. MCCOY, Plaintiff,

v.

**ERIE INSURANCE COMPANY, et al., Defendants.**

No. Civ.A. 2:01–0054.

United States District Court, S.D. West Virginia, Charleston Division.

Nov. 2, 2001.

---

D. Kevin Moffatt, Harless & Moffatt, PLLC, Charleston, WV, Ronald R. Parry, David A. Futscher, Arnzen, Parry & Wentz, PSC, Covington, KY, Judy L. Cates, Carr, Korein, Tillery, Kunin, Montroy, Cates, Katz & Glass Belleville, IL, Christopher A. Seeger, Seeger Weiss LLP, New York City, for plaintiff.

James D. Lamp, Sheryl A. Rucker, Lamp, O'Dell, Bartram, Levy & Trautwein, Huntington, WV, Jeffrey A. Less, Paul B. Bech, Bazelon Less & Feldman, P.C., Philadelphia, PA, for defendants.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending is Plaintiff's motion to amend her complaint to delete the existing class action allegations. The sole reason for which Plaintiff putatively seeks dismissal is lack of sufficient time to perform class discovery in aid of certification. Plaintiff, however, has not requested the Court to grant additional time within which to conduct such discovery.

The Court has considered Plaintiff's request carefully, mindful that amendments are to be freely granted when the litigation schedule will not be impacted adversely. If Plaintiff has determined to abandon class claims, the Court will not, of course, force her to pursue them. Nonetheless, the Court does not wish to foreclose Plaintiff from maintaining a putative class action in this forum simply because of a mistaken belief the Court would not entertain a reasonable request to modify the Scheduling Order. Plaintiff suggests if additional class discovery time is allowed or ordered to run concurrent with merits discovery, she will move for class certification as ordered by the Court. At the same time, prior to a class certification ruling, Plaintiff requests a different type of certification, namely transmitting a novel substantive legal question to the Supreme Court of Appeals of West Virginia: Does West Virginia recognize a diminished value coverage cause of action in a first party insurance dispute. The answer to that question would affect the scope of insured risk on the majority of motor vehicle property damage policies issued in this State.

Conversely, Defendants seek to force Plaintiff to pursue her class claims here and now or, in the alternative, to pay Defendants' costs and fees associated with the attempted withdrawal of the class claims. While neither request is well-taken, both are worthy of discussion.

■ Regarding the request to force Plaintiff to litigate the class claims, the Court

recently addressed an analogous[1] situation where defendants sought to force plaintiffs to litigate despite the latter's request to voluntarily dismiss their case pursuant to *Rule 41(a)(2), Federal Rules of Civil Procedure:*

"Typically, a motion for dismissal without prejudice should not be denied 'absent substantial prejudice to the defendant[.]' " *West Virginia–Ohio Valley Area I.B.E.W. Welfare Fund v. American Tobacco Co.,* 188 F.R.D. 425, 426 (S.D.W.Va.1999) (quoting *Andes v. Versant Corp.,* 788 F.2d 1033, 1036 (4th Cir.1986)); *see also Davis v. USX Corp.,* 819 F.2d 1270, 1273 (4th Cir. 1987) ("The purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced.").

The Court of Appeals in *Davis* further observed:

It is well established that, for purposes of *Rule* 41(a)(2), prejudice to the defendant does not result from the prospect of a second lawsuit. Moreover, the possibility that the plaintiff will gain a tactical advantage over the defendant in future litigation will not serve to bar a second suit. Thus, in this case, the mere prospect of the transfer of litigation to state court was an insufficient basis for denying the motion for voluntary dismissal. "Ordinarily the mere fact that a plaintiff prefers the state courts ought not to prevent his discontinuing his suit; one court is as good as another." *Young v. Southern Pacific Co.,* 25 F.2d 630, 632 (2 Cir.1928) (Learned Hand, J., concurring).

Indeed, in cases involving the scope of state law, courts should readily approve of dismissal when a plaintiff wishes to pursue a claim in state court.

*Id.* at 1274–75 (some citations omitted); *see also American Tobacco* 188 F.R.D. at 428 n. 5.

*Toppings v. Meritech Mortgage Servs.,* No. 2:00–1055, slip op. at 8–9 (S.D.W.Va. Sept.19, 2001).

■ Second, Defendants assert the amendment dropping the class claims should be denied because the deadline for motions to amend has passed under the Scheduling Order and a modification of that date requires a showing of good cause under *Rule* 16(b). The good cause requirement, however, practically is intended to prevent a plaintiff from decimating a Scheduling Order with late attempts to complicate or change the nature of the case. That salutary purpose is not offended here. Deletion of the class claims would greatly simplify the case, perhaps permitting it to be resolved *earlier* than contemplated by the Scheduling Order.

■ Defendants also assert Plaintiff's proposed amendment cannot satisfy *Rule* 15(a). Our Court of Appeals and the Supreme Court, however, have repeatedly frowned on the denial of amendments sought under the generous *Rule* 15(a) standard. *See, e.g., Pittston Co. v. United States,* 199 F.3d 694 (4th Cir.1999) (quoting *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)) (" 'Rule 15(a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded.' "). There is no substantial indication of unfair prejudice or bad faith here. Even assuming a surreptitious desire to renew the class claims in state court, a desire Plaintiff expressly disavows,[2] unfair prejudice and bad faith are absent. Any class discovery conducted in this case likely would be useful in a later state action.[3] Further, while the Court

1. Defendants concur the motion to amend is similar to a motion seeking voluntary dismissal. (*See* Def.'s Resp. at 10 ("[T]he effect of the amendment proposed by Plaintiff and her counsel is dismissal without prejudice of the class claims and the claims for equitable relief.")).

2. Plaintiff's counsel represents, and offers to be sworn and testify, that he is not "planning ... to file a lawsuit asserting similar claims in this Court or in any other court." (Pl.'s Resp. at 4).

3. Defendants' citation to *Weinberger v. Retail Credit Co.,* 498 F.2d 552 (4th Cir.1974), in support of their claim of prejudice is unavailing. The case is both easily distinguishable and of questionable validity in light of later holdings. The concept in *Weinberger* relied upon by Defendants follows:

While it is true that allowing the amendment would have narrowed and perhaps clarified the issues before the court, it is also true that prejudice would result to appellee if the mo-

welcomes complex diversity class actions, a plaintiff who favors a state, rather than a federal, forum cannot on that basis alone be charged with bad faith.[4]

Finally, Defendants assert the Court should inquire deeper into the amendment request based upon *Shelton v. Pargo*, 582 F.2d 1298 (4th Cir.1978). The Court of Appeals in *Shelton* observed:

> Had the appellees been other than the representative parties, there would be no objection to a voluntary settlement of their claim. But, by asserting a representative role on behalf of the alleged class, these appellees voluntarily accepted a fiduciary obligation towards the members of the putative class they thus have undertaken to represent. *They may not abandon the fiduciary role they assumed at will or by agreement with the appellant, if prejudice to the members of the class they claimed to represent would result or if they have improperly used the class action procedure for their personal aggrandizement.* This has been declared in repeated decisions.

*Id.* at 1305 (emphasis added). The Court of Appeals further observed, however, "If [the district court finds] ... no violation of the fiduciary responsibilities by the plaintiff, there would be no reason why the District Court should not decide whether or not to permit the dismissal without certification and without notice to absent putative class members." *Id.* at 1306, 1310 (" 'If neither loss of

benefits to the class nor evidence of collusive agreement is present, notice of dismissal is unnecessary.' ") (quoting Herbert B. Newberg, *Newberg on Class Actions* § 4960). Specifically, if after hearing[5] the parties "the court is clearly satisfied that there has been no abuse of the class action device and no prejudice to absent putative class members, it may approve [a] settlement and dismissal without going through with a certification determination or requiring notice to be given to absent putative class members." *Id.* at 1314.

First, *Shelton* is inapposite. The case applies to "a *voluntary motion to dismiss an action,* filed both as an individual and as a class action, when the individual action has *been settled without court approval in advance of any certification* of the action as a class action[.]" *Id.* at 1300 (emphasis added). Although the requested amendment here is analogous to a voluntary dismissal, technically it is not a *Rule* 41(a)(1) request as in *Shelton*.

Further, no settlement of the individual claim has occurred. *Shelton* involved not only a settlement, but also a communication from plaintiffs' counsel to defendant setting forth his calculation of the damages incurred by his two individual clients without regard to those of the uncertified class. There has been no indication Plaintiff has similarly misused the class mechanism merely to secure her individual claim. Further, there is no basis for a finding of prejudice to the detri-

tion were allowed. Dismissal without prejudice—the actual effect of such an amendment—would have left him free to assert such claims again, putting RCC to the expense of relitigation.

*Id.* at 554 n. 4. The Court notes *Weinberger* cites no authority for the cited proposition. Further, *Weinberger* has not been cited in the last 25 years by the Court of Appeals for the quoted proposition. Most importantly, however, *Weinberger* appears to have been superseded by *Andes* and *Davis* discussed *supra. See, e.g., Davis*, 819 F.2d at 1274 ("It is well established that, for purposes of Rule 41(a)(2), *prejudice to the defendant does not result from the prospect of a second lawsuit.*") (emphasis added).

Defendants also assert they have incurred fees and costs to defend the class claims. They offer no details, but assert they are "prepared to prove the extent of this item of prejudice through affidavits and/or hearing, if the Court deems it appropriate." (Defs.' Resp. at 10). In response,

Plaintiff observes Defendants have not specified "what [they] have done because [they have], in reality, done nothing with respect to the class certification issues in the case." (Pl.'s Resp. To Mot. for Sanctions at 2). Defendants have not replied to meet the assertion.

4. Defendants assert Plaintiff and her counsel "deliberately withheld conducting any class certification discovery pending the outcome of the Motion to Remand." (Defs.' Resp. at 13).

5. The Court does not believe *Shelton* requires a full adversarial hearing in every case prior to the dismissal of class claims. In fact, while mentioning a hearing should be conducted, the case also appears to permit, in the alternative, a "proper inquiry." *Shelton*, 582 F.2d at 1315. That inquiry, especially when *Shelton* does not appear to apply to a case such as this one, may be discharged by full briefing of the issues. That has occurred here.

ment of unnamed, putative class members. The abandoned class allegations do not bind an uncertified class in any respect. Further, it is likely few if any of the putative class members were made aware of this case. Based on the absence of manipulation or prejudice, *Shelton,* assuming its applicability here, would present no obstacle to dismissal.[6]

Defendants' objections aside, however, the root issue concerning the motion to amend and remove the class claims remains. While there is no obstacle to such amendment, the Court **HOLDS IN ABEYANCE** the motion to amend to permit the parties to present to the Court a reasonable plan for modification of the Scheduling Order and other proposals that would lead to the just, speedy, and efficient resolution of the action. The parties are **ORDERED** to file a joint plan to that end no later than *December 1, 2001.* If the plan is not filed by that deadline, the Court will then presume Plaintiff has chosen to abandon class claims. In that event, the Court will revisit the motion to amend.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record and to publish it on the Court's website at http://www.wvsd.uscourts.gov.

---

6. Based on the foregoing, the Court also **FINDS** there is no basis for the imposition of sanctions in the form of fees and costs.