Paul A. VOSBURGH, III, Plaintiff,

v.

INDEMNITY INSURANCE COMPANY
OF NORTH AMERICA; ACE USA
and ACE Limited, Defendants.

No. CIV.A. 2:02–1140.

United States District Court,
S.D. West Virginia,
at Charleston.

Sept. 12, 2003.

specific business and pleasure use. (Def. Indem. Ins. Co. of N. Am.'s Mot. for a More Definite Statement, Ex. A).

Guy R. Bucci, Esquire, Bucci Bailey & Javins, Charleston, WV, Robert J. Behling, Pietragallo Bosick & Gordon, Pittsburgh, PA, for plaintiff.

Clarence E. Martin, III, Martin & Seibert, Martinsburg, WV, for defendants.

## MEMORANDUM OPINION AND ORDER

HALLANAN, Senior District Judge.

Currently pending before the Court is Plaintiff's Motion to Dismiss or Alternatively Motion to Remand and Supply Memorandum. Also currently pending before the Court is Defendant Indemnity Insurance Company of North America's Motion to Dismiss With Prejudice. In response to Plaintiff's Motion and in support of its own Motion, Defendant Indemnity Insurance Company of North America filed Defendant Indemnity Insurance Company of North America's Response to Defendant's [sic] Motion to Dismiss or Alternatively Motion to Remand and Supply Memorandum and in Support of Defendant's Motion to Dismiss With Prejudice. In reply thereto, Plaintiff filed Plaintiff's Reply to Defendant Indemnity Insurance Company of North America's Motion to Dismiss With Prejudice. Having reviewed the aforementioned motions, as well as all relevant case and statutory law, the Court is now prepared to issue its decision.

## STATEMENT OF FACTS

On August 12, 2000, Plaintiff, Paul A. Vosburgh, III, was involved in an accident near Elkins, West Virginia, while piloting an airplane owned and insured by Ron Cvetican. Pursuant to an agreement with Mr. Cvetican, Plaintiff was piloting the airplane, providing sightseeing flights. An aircraft policy was issued by Defendant Indemnity Insurance Company of North America ("Indemnity Insurance"), with Mr. Cvetican as the named insured. The policy issued by Defendant Indemnity Insurance provided coverage for

As a result of the accident, Plaintiff suffered injuries for which he now seeks to recover. On August 12, 2002, Plaintiff filed suit against Defendants Indemnity Insurance, ACE USA and ACE Limited in the Circuit Court of Kanawha County, West Virginia. To date, no action has been taken by Plaintiff against Mr. Cvetican, the named insured on the aircraft policy. On August 15, 2002, Defendant Indemnity Insurance was served with a copy of the Complaint. Defendants allege that Plaintiff attempted service on Defendant ACE Limited by using registered mail and that, to date, Defendant ACE USA has not been served. On September 13, 2002, Defendants removed this matter from the Circuit Court of Kanawha County, West Virginia, to the United States District Court for the Southern District of West Virginia.

In the Complaint, Plaintiff alleges (and Defendant ACE Limited acknowledges) that Defendant ACE Limited is a foreign corporation with its principle place of business in Hamilton, Bermuda. (Compl. at ¶ 4). Defendant ACE Limited submitted an affidavit of its General Counsel, Peter Mear, in which it represents that it does not conduct any business in West Virginia, nor does it have offices located in West Virginia. (Def. Ace Ltd.'s Mem. of Law in Supp. of its Mot. to Dismiss Pl.'s Compl. Pursuant to Fed. R.Civ.P. 12(b)(2), Ex. B). Defendant ACE Limited adds "[a]t no time has the company been authorized, certified or licensed to do business in West Virginia and it does not solicit the sale of any products or services in the State. Furthermore, no director or officer of ACE Limited nor any employees work or reside in West Virginia." (Def. Ace Ltd.'s Mem. of Law in Supp. of its Mot. to Dismiss Pl.'s Compl. Pursuant to Fed.R.Civ.P. 12(b)(2) at 3) (internal citations omitted). As Defendant ACE Limited asserts that it does not maintain any contacts whatsoever in West Virginia, "the contact between ACE Limited and the State of West Virginia is not just minimal, it is non-existant [sic], since

ACE Limited has not contacts with the State, business or otherwise." *Id.* at 4.

On December 6, 2002, the Court entered a Memorandum Opinion and Order wherein it granted Defendant Ace Limited's Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(2), granted Defendant Indemnity Insurance Company of North America's Motion to Dismiss Counts I & III of Plaintiff's Complaint, and granted Defendant Indemnity Insurance Company of North America's Motion for a More Definite Statement. Additionally, the Court ordered Plaintiff to file its amended complaint, in full compliance with the pleading requirements of the *Federal Rules of Civil Procedure* no later than 5:00 p.m. on Friday, December 20, 2002. On that date, Plaintiff did not file the aforementioned amended complaint, but instead filed the pending Motion to Dismiss or Alternatively Motion to Remand and Supply Memorandum. Thereafter, on January 21, 2003, Defendant Indemnity Insurance filed Defendant Indemnity Insurance Company of North America's Motion to Dismiss With Prejudice and Defendant Indemnity Insurance Company of North America's Response to Defendant's [sic] Motion to Dismiss or Alternatively Motion to Remand and Supply Memorandum and in Support of Defendant's Motion to Dismiss With Prejudice.

## DISCUSSION

### *Plaintiff's Motion to Dismiss or Alternatively Motion to Remand and Supply Memorandum is Granted in Part and Denied in Part*

█ Rule 41(a)(2) of the *Federal Rules of Civil Procedure* provides, in pertinent part: "Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.... Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice." FED. R. CIV. P. 41(a)(2). "The purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir.1987).

Accordingly, a court must enter an order as a prerequisite to dismissal, in which the court may impose conditions on voluntary dismissal so as to prevent any prejudice to the defendant. *Id.*

█ Specifically, this Circuit's law emphasizes that Rule 41(a)(2) motions shall not be denied "absent substantial prejudice to the defendant." *Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir.1986). The case law is clear that substantial prejudice to the defendant does not result from the mere possibility that a second lawsuit may be filed, but rather, the prejudice incurred must be *actual* legal prejudice. *West Virginia–Ohio Valley Area I.B.E.W. Welfare Fund v. Am. Tobacco Co.*, 188 F.R.D. 425, 426 (S.D.W.Va.1999) (emphasis added). Furthermore, "in cases involving the scope of state law, courts should readily approve of dismissal when a plaintiff wishes to pursue a claim in state court," and typically, courts should not impose conditions of dismissal that limit a plaintiff's ability to assert state law claims in state courts. *Davis*, 819 F.2d at 1275.

█ When reviewing Rule 41(a)(2) motions, courts consider a number of factors in order to determine whether or not a defendant will suffer actual legal prejudice. The United States District Court for the Eastern District of Virginia, Alexandria Division, listed four factors as relevant to the prejudice issue: (1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e. whether a motion for summary judgment is pending. *Teck Gen. P'ship v. Crown Cent. Petroleum Corp.*, 28 F.Supp.2d 989, 991 (E.D.Va.1998) (*citing Gross v. Spies*, 133 F.3d 914, 1998 WL 8006, *5 (4th Cir.1998) (unpublished decision)). Although the factors are relevant to the issue of prejudice to the defendant, they are not to be considered exhaustive, and therefore, do not exclude factors particular to a specific case.

█ Applying the aforementioned factors to the case at bar, the Court holds that Plaintiff's motion should be granted insofar

as Plaintiffs seek relief pursuant to Rule 41(a)(2). Regarding the first factor, the Court finds that Defendants have not expended considerable effort and expense in preparing this matter for trial, as the case is still in the early stages of litigation. Although Defendants have filed motions to dismiss pursuant to Rules 12(b)(2) and 12(b)(6) of the *Federal Rules of Civil Procedure* (upon which the Court has previously ruled) and a motion to dismiss pursuant to Rule 41(b), the record indicates that the activity in this case has been limited to the filing of the aforementioned motions. Indeed, the Court has not even entered a Scheduling Order in this matter, nor has a trial date been set. Therefore, the Court finds that the opposing party's effort and expense in preparing for trial has been quite minimal and therefore, the first factor weighs in favor of dismissal of this action.

Second, the Court finds that there has not been excessive delay or lack of diligence by the movant. Again, a Scheduling Order has yet to be entered in this matter, and therefore, Court imposed deadlines have not been established regarding litigation of this matter. Although it is true that Plaintiff initially failed to respond to certain motions [1], the Court finds that, upon having retained the assistance of replacement counsel, Plaintiff has diligently participated in this litigation, and thus, has not caused excessive delay or lack of diligence. Therefore, the Court finds that the second factor weighs in favor of dismissal of this action.

Third, the Court finds that although Plaintiff's explanation of the need for a dismissal is tenuous, the explanation, when considered with the other factors, is sufficient so as to warrant dismissal of this action. Plaintiff asserts that this action should be dismissed and remanded to state court primarily because "there is no showing the amount in [controversy] exceeds $75,000.00 exclusive of interest[ ] and costs." (Mot. to Dismiss or Alternatively Mot. to Remand and Supply Mem. at 2). Plaintiff's Complaint seeks dam-

ages on Counts I and III in the form of, *inter alia*, compensatory damages, punitive damages, and costs and attorney's fees. Although Plaintiff's Complaint fails to plead a specific monetary amount as to alleged damages incurred, the Court has previously recognized that claims seeking punitive damages, if successful, often result in a greater jury verdict that would well surpass the minimum jurisdictional requirement to survive a motion for remand and for an action to remain in federal court. *Weddington v. Ford Motor Credit Co.*, 59 F.Supp.2d 578, 584 (S.D.W.Va.1999) (Hallanan, S.J.) (holding that the plaintiffs' claim for punitive damages must be added to the claim for compensatory damages in determining subject matter jurisdiction, thereby indicating that the defendant had satisfied its jurisdictional burden of proof). The Court finds that Plaintiff's explanation of the need for a dismissal is not legally sound. In any event, the Court finds that the third factor weighs in favor of dismissal, as the Court finds that Defendants will not suffer actual legal prejudice.

Finally, the Court finds that at the present, this action is still in the early stages of litigation and importantly, there is not a motion for summary judgment pending. Therefore, the Court finds that the fourth factor weighs in favor of dismissal of this action.

█ As previously noted, the Court may impose conditions on voluntary dismissal so as to prevent any prejudice to Defendants. Therefore, the Court hereby conditions Plaintiff's dismissal without prejudice, pursuant to Rule 41(a)(2), on the promise that Plaintiff will not oppose Defendants' use of any discovery and research materials secured in this case to date should any future litigation occur, and on the promise that Plaintiff will agree to pay Defendants' taxable costs incurred in defending this litigation in federal court. *See Davis*, 819 F.2d at 1276 (holding that the district court did not abuse its discretion in requiring that the plaintiff pay defendant's taxable costs and agree to the

---

1. Namely, Defendant Indemnity Insurance Company of North America's Motion for a More Definite Statement, Defendant Indemnity Insurance Company of North America's Motion to Dismiss Counts I and III of the Plaintiff's Com-

plaint, and Defendant Ace Limited's Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(2), upon which the Court has previously ruled.

use of discovered materials in any state court proceeding).

Accordingly, Plaintiff's Motion to Dismiss or Alternatively Motion to Remand and Supply Memorandum is **GRANTED IN PART** insofar as it relates to the motion to dismiss pursuant to *Federal Rule of Civil Procedure* 41(a)(2) and **DENIED AS MOOT** insofar as it relates to the motion to remand. The dismissal without prejudice will occur September 17, 2003, without necessity of further Order, if Plaintiff agrees to the imposed conditions. If Plaintiff does not agree, (1) Plaintiff shall so advise the Court prior to September 17, 2003, (2) the case will proceed according to Court Order, to be entered at a future date, if necessary, and (3) this Memorandum Opinion will be deemed **RESCINDED** without necessity of further Order.

### *Defendant Indemnity Insurance Company of North America's Motion to Dismiss With Prejudice is Denied*

The Court has previously granted Plaintiff's Motion to Dismiss or Alternatively Motion to Remand and Supply Memorandum, insofar as it relates to the motion to dismiss pursuant to *Federal Rule of Civil Procedure* 41(a)(2). Assuming *arguendo* that the Court had denied Plaintiff's Motion, the Court, nonetheless, holds that Defendant Indemnity Insurance Company of North America's Motion to Dismiss With Prejudice should be denied.

Rule 41(b) of the *Federal Rules of Civil Procedure* provides, in pertinent part: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." FED. R. CIV. P. 41(b). Typically, a dismissal pursuant to Rule 41(b) constitutes a dismissal with prejudice. *Id.* The Fourth Circuit has clarified that "[b]ecause dismissal is such a harsh sanction, however, it 'should be resorted to only in extreme cases'." *McCargo v. Hedrick,* 545 F.2d 393, 396 (4th Cir.1976).

■ Courts take the following four factors into consideration in determining whether or not to grant a Rule 41(b) motion: (1) the degree of personal responsibility of the plaintiff; (2) the amount of prejudice caused the defendant; (3) the existence of a "drawn out history of deliberately proceeding in a dilatory fashion"; and (4) the existence of a sanction less drastic than dismissal. *Chandler Leasing Corp. v. Lopez,* 669 F.2d 919, 920 (4th Cir.1982) *(per curiam).* These four factors are not a rigid four-prong test, but rather assist the court, along with the circumstances of each case, in determining whether or not to grant a Rule 41(b) motion. *Ballard v. Carlson,* 882 F.2d 93, 95 (4th Cir.1989).

■ Defendant Indemnity Insurance Company of North America requests that the Court grant its Motion to Dismiss With Prejudice, pursuant to Rule 41(b). In support of its Motion, Defendant maintains that Plaintiff has failed to comply with the Court's Memorandum Opinion and Order, entered December 6, 2002, in which the Court ordered Plaintiff to file an amended complaint in full compliance with the *Federal Rules of Civil Procedure* by Friday, December 20, 2002. Therefore, Defendant asserts that Plaintiff has failed to comply with the Court's Order and pursuant to Rule 41(b), this matter should be dismissed with prejudice. In response, Plaintiff asserts that this cause of action is worth far less than the seventy-five thousand dollar jurisdictional minimum required to remove this case to federal court and therefore, on December 20, 2002, Defendant filed its Motion to Dismiss or Alternatively Motion to Remand and Supply Memorandum with the Court.

Applying the aforementioned factors to the case at bar, the Court holds that Defendant Indemnity Insurance Company of North America's Motion to Dismiss With Prejudice should be denied. The Court finds that there is no evidence that Plaintiff was personally responsible for participating in any delay of this action, much less responsible for the existence of an alleged drawn out history of deliberately proceeding in a dilatory fashion. Although Plaintiff could have been a bit more clear by petitioning the Court for relief from its Order (requiring Plaintiff to file an amended complaint), the Court understands Plaintiff's assertion as to why its response in the form of its Motion to Dismiss With Prej-

udice was appropriate, under the circumstances of this particular case. Additionally, the Court finds that Defendants have not been prejudiced by Plaintiff's response in the form of its Motion to Dismiss With Prejudice. Finally, the Court has considered the possibility of sanctions less drastic, as explained *supra*, in the form of dismissal of this action, but without prejudice. For the foregoing reasons, the Court **DENIES** Defendant Indemnity Insurance Company of North America's Motion to Dismiss With Prejudice.

## CONCLUSION

In conclusion, Plaintiff's Motion to Dismiss or Alternatively Motion to Remand and Supply Memorandum is **GRANTED IN PART** insofar as it relates to the motion to dismiss pursuant to *Federal Rule of Civil Procedure* 41(a)(2) and **DENIED AS MOOT** insofar as it relates to the motion to remand. The dismissal without prejudice will occur September 17, 2003, without necessity of further Order, if Plaintiff agrees to the imposed conditions. If Plaintiff does not agree, (1) Plaintiff shall so advise the Court prior to September 17, 2003, (2) the case will proceed according to Court Order, to be entered at a future date, if necessary, and (3) this Memorandum Opinion will be deemed **RESCINDED** without necessity of further Order. Finally, Defendant Indemnity Insurance Company of North America's Motion to Dismiss With Prejudice is **DENIED**.

The Clerk is directed to fax and mail a copy of this Memorandum Opinion and Order to all counsel of record and to publish a copy of this Memorandum Opinion and Order on the Court's website at http://www.wvsd.uscourts.gov.